James L. Potter and
Charlene E. Potter
5721 Tropic Mist St.
Las Vegas, NV 89130
Telephone (702)633-7092
Facsimile (702)633-7092
Plaintiffs in Proper Person

2011 JAN 21  A 9: 05

UNITED STATES DISTRICT COURT
District of Nevada

JAMES L. POTTER and

CHARLENE E. POTTER

    Plaintiffs

vs.

BANK OF AMERICA HOME LOANS and

BANK OF AMERICA N.A. and

BAC HOME LOANS SERVICING, LP and

MERS (Mortgage Electronic Registration Systems)

    Defendants

Case No.: 2:10-cv-02095-GMN-LRL

OPPOSITION TO DEFENDANTS MOTION TO DISMISS AMENDED COMPLAINT
And REQUEST FOR DISMISSAL OF DEFENDANTS MOTION TO DISMISS AMENDED COMPLAINT

    PLAINTIFFS, James L. Potter and Charlene E. Potter, in proper person, hereby submit their Opposition to Defendants Motion to Dismiss Amended Complaint.

    Plaintiffs ask this Honorable Court to take judicial notice of the fact that we appear without counsel, are not schooled in the law and legal procedures, and are not licensed to practice law. Therefore our pleadings must be read and construed liberally. Further Plaintiffs believe that this Court has a responsibility and legal duty to protect any and all of the Plaintiffs' Constitutional and statutory rights; specifically by the due process clause of the Fifth and Fourteenth Amendment thereto, which invokes the due process clauses of the Seventh, Fifth and Fourteenth Amendments to said Constitution upon the States and guarantees to all private

citizens the freedom of private property and the separate and, distinct common law jurisdiction of this Court, in accord with the rules of common law related to fiduciary duties.

The issue of "Standing" is a basic issue of Constitutional Law either at the Federal level or at the state district court level. That is to say, if you are not the person directly injured or directly benefiting from a specific law or circumstance, you cannot go to court and try to enforce any rights that do not belong to you.

The United States Supreme Court in several cases has stated that federal courts must satisfy for themselves that "Standing" exists and that "the Plaintiffs have alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." Warth V. Seldin, 422 U.S. 490,498-99 (1975). Thus, if there is no direct injury or direct harm to the party that wishes to pursue a claim in court, then no right to "Standing" or right to be in court, exists in the first place.

In the Motion filed with the Court it is evident that the Defendants cannot show ownership of the alleged Mortgage Loan and do not know the true status of the stated loan within their institution. Defendants and/or Legal Counsel state that the Plaintiffs' are in default and have breached their promise to repay the money they borrowed. As of this date, January 21, 2011 the Plaintiffs' have evidence that they have never been in the rears in their payments and are current *See* Exhibit A. The Defendants in their motion to dismiss amended complaint made a malicious statement pertaining to the Defendants being in default and published this false statement in a legal document which was submitted to the courts as a matter of public record. One of the Plaintiffs' are in the process of seeking employment and his field requires an in-depth background check by a potential employer where financial information is scrutinized and will lead to non-selection. The Defendants in fact have no evidence of such claim and could be held liable to the Plaintiffs' for potentially causing irreversible harm or injury to the Plaintiffs'. The paramount fundamental issue in this case is Holder in Due Course and that Defendants do not own, have not owned and do not know where the ownership of this mortgage loan resides.

Defendants response to the Amended Complaint fails to address the undisputed fact that Bank of America and its subsidiary companies do not own the mortgage loan in question. They

have asked for Dismissal by stating Plaintiffs' defaulted on a Mortgage Loan that they can in no way prove ownership of. Plaintiffs' are truly not in default on this loan. Defendants are currently being sued by the State of Nevada, Arizona as well as countless suits being filed in almost every state in the nation for their lack of standing, holder in due course, fraud, mishandling loan documents through their subsidiary companies as well as through MERS.

Defendants have been asked for proof of evidence of their ownership of this mortgage by the Plaintiffs" and by failure to hold and possess the original Deed of Trust Mortgage, original note, and other pertinent documents cannot prove their claim. They continue to persist in bringing into the Court unauthenticated copies of documents some of which are from Defendant to the Plaintiffs" that are not signed by anyone. Any of these documents could be taken off the internet which is our contention would be fraud upon the Court. In Defendants reply on page 2, line 25, they request judicial notice of the attached exhibits, thereby asking to be authenticated by the court. Plaintiffs' believe true that to show standing with the Court, Defendants must have access to the original Deed of Trust, the Mortgage Note and supporting original documents. In a Landmark decision in the Supreme Court State of Kansas and on January 7, 2011 the State of Massachusetts Supreme Court in another Landmark decision as to holder in due course. In January 2011, Bank of America has been made to pay 3 BILLION DOLLARS to Fannie Mae and Freddie Mac for their mishandling of mortgage loans and which the mortgage loan in question may be part. These Landmark cases have proven that mortgage banks must prove ownership with original documents instead of mere copies. In the case of Mortgage Electronic Registration Systems, Inc v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of Nevada stated that "MERS did not establish it was a real party in interest. MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do." Additionally, in a Landmark decision in the Kansas Supreme Court, National Bank v. Kesler, 289 Kan.528,216P3.d 158(2009). "Kan Stat. Ann 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a

judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer." Also in September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21(2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage. In LaSalle Bank v. Ahearn, 875 N.Y.S. 2d 595 (2009), that case was dismissed with prejudice - lack of standing. In another case, Novastar Mortgage, Inc, v. Snyder 3:07CV480 (2008), it was ruled that "Novastar has the burden of establishing its standing. It failed to do so.

In reference to the Defendants claim of "failure to deliver an original valid payment instrument to Defendants" on page 2, line 12, the statement that Plaintiffs' have not delivered an original valid payment instrument to Defendants is unsubstantiated. Defendants were sent *See* Exhibit B Notice to Agent is Notice to Principal from an Escrow Agent whom was in receipt of funds and was to release funds when the original note was received. The Escrow Agent then sent the Notice of Opportunity to Cure after the Defendant failed to reply.

## LEGAL ARGUMENTS

A. <u>FRCP 8 Requires A Short Plain Statement</u>

Plaintiffs' made their "short and plain statement" in their Amended Complaint page 9, lines 12-28 and page 10, lines 1-13. Again the paramount fundamental issue in this case is Holder in Due Course.

B. <u>Plaintiffs' improperly lump Defendants together Violation Rule 8</u>

As stated in Defendants Argument on page 2 line 3, Plaintiffs' have sued Bank of America N.A. (BOA), Bank of America Home Loans, a wholly owned subsidiary of BOA, Bank of America Home Loans Servicing LP, a wholly owned subsidiary of BOA, and MERS. It is proper in cases where more than one defendant is adjoined by claim on the mortgage in question that each or all related parties be brought forth in the suit. To support our dismissal of Defendants Motion to Dismiss, they themselves have included a document from MERS under

Exhibit C, page 44 which clearly states MERS interest in this mortgage loan in question. We continue to contend the mortgage loan in question was sold through securitization countless times. Once again, the paramount fundamental issue in this case is Holder in Due Course.

C.   Plaintiffs' Securitization Argument is Meritless

Defendants refer to Amended Complaint 2:1-2 which states "Initially, a bank loaned money to the family to buy the family home, but later was paid in full when it sold the loan involved to others". The question is not about the loan but who is the loan holder, which the Amended Complaint supports the Plaintiffs' question of the ownership and Securitization of mortgage loan and the Defendants have failed to provide such proof. The paramount fundamental issue in this case is Holder in Due Course.

D-1   Plaintiffs Have Failed to Plead Claims for Fraud

Defendants Did Not Originate the Loan

Defendants falsely claim that Plaintiffs have stated they were wrongfully induced to enter into an agreement for the loan. Plaintiffs' Amended Complaint statement of fraud in the inducement, based on failure to provide consideration; refusal of settlement, failure to provide full disclosure, failure to provide an opportunity to cancel as required by TILA and due to the fact that *ab initio* no contract was ever formed. The statement from the Defendant that they were not involved in the origination of the loan, supports the Plaintiffs' claim that they cannot prove their claim on the Mortgage. Defendants refer to case law Reed v. Countrywide Bank, FSB, Case No. 2:09-cv-00319 dated March 23,2009, since then many cases have been turned over and new cases have taken precedence that do not follow the same judgment. The paramount fundamental issue in this case is Holder in Due Course.

D-2   Plaintiffs' Fail to Plead Fraud With the Requisite Specificity

Defendants argue that Plaintiffs' do not state a claim for fraud which is not the fundamental and paramount issue of this case. Yet in courts in states of Florida, Tennessee, Kentucky, Arkansas, Minnesota, New York, New Jersey, Massachusetts, as well as numerous others, have all brought similar suits against Bank of America and their subsidiaries for various

fraud in handling of their mortgage loans. Once again, the paramount fundamental issue in this case is Holder in Due Course.

D-3   Plaintiffs' Ratified the Loan

Defendants claim that the Plaintiffs' ratified the Loan, the Plaintiffs' state this is not about the ratification of the mortgage loan but about Holder in Due Course. Defendants refer to outdated cases that do not support what is currently being brought into court. The paramount fundamental issue in this case is Holder in Due Course.

D-4   A Fraud Claim is Barred by Statute of Limitations

Defendant refers to common law fraud to being subject to a three-year statute of limitations. Plaintiffs object to Defendants allegations that claims are by Statute of Limitations. Per TILA (Truth in Lending Act) it states that the Three Day Right to Cancel must have a trigger to begin, that trigger, is when the Lender/Agent has provided the Borrower with ALL of the required Disclosures under TILA. It is the Plaintiffs' belief that ALL disclosures were not accurately or clearly made. Once again the paramount fundamental issue is Holder in Due Course.

E.   Plaintiffs' Have Failed to Plead Any TILA Violations

See response given by Plaintiffs' reply to Defendants Legal argument D-1. Again this paramount fundamental issue in this case is Holder in Due Course.

F-1   Failure to Accept Tender of Payment Is Not a Valid Claim

Plaintiffs' Allegations of Demand and "Tender"

In response to statements made on page 9, line 13, failure to accept tender of payment is a rightful claim for voiding the mortgage loan. Plaintiffs' can show that it submitted a payment instrument for the full amount that was rejected by Defendants because conditions for payment stated that the original loan documents must be presented to Acting Agent for the funds. Defendants once again insinuate that BOA defendants' establishment of the amount due to bring the loan current was because they were in default. In fact the Plaintiffs' were never in the rears or delinquent with their payments, thence this statement by the Defendant is false. Again Defendants continue to make false statements against the Plaintiffs' as official court documents

and public record, noting page 9, line 26, that "on June 3, 2010 and June 22, 2010, respectively, BAC sent Plaintiffs' reinstatement letter showing the amount due to bring the loan current and a Demand/Payoff Statement if Plaintiffs' instead wished to pay off the loan in full. Plaintiffs' still failed to cure the default." Plaintiffs' contend they did not receive any reinstatement letters, why would they if there were current and not in default. Plaintiffs' requested the Payoff Demand Statements from the Defendants on their own, therefore the Defendants' statement that they notified the Plaintiffs' of the amount due to bring the loan current or curing the default, once again this is false. The paramount fundamental issue in this case is Holder in Due Course.

F-2     The Court Have Rejected Similar Demands and "Tenders"

.Defendants claim that courts have rejected similar demands is false. In a current case in the Eighth Judicial Court, State of Nevada, Ostorga vs. JP Morgan Chase Bank, Case No. A-10-628624-C, it is Plaintiffs contention that the Defendant in this case without the ability to show standing with the Court has chosen not to answer the Summons and loose this case by Default therefore showing that without standing the bank in these types of cases have no defense when Holder in Due Course is the paramount issue. Additionally, there are Landmark cases that have proven that mortgage banks must prove ownership with original documents instead of mere copies. In the case of Mortgage Electronic Registration Systems, Inc v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of Nevada stated that "MERS did not establish it was a real party in interest. MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do." Additionally, in a Landmark decision in the Kansas Supreme Court, National Bank v. Kesler, 289 Kan.528,216P3.d 158(2009). "Kan Stat. Ann 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied , released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer." Also in September of 2008, a California Judge

ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21(2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage. In LaSalle Bank v. Ahearn, 875 N.Y.S. 2d 595 (2009), that case was dismissed with prejudice - lack of standing. In another case, Novastar Mortgage, Inc, v. Snyder 3:07CV480 (2008), it was ruled that "Novastar has the burden of establishing its standing. It failed to do so. This supports the paramount fundamental issue in this case which is Holder in Due Course.

F-3    Plaintiffs' Demands and "Tender" Are Not Legally Valid

Plaintiffs' gave Defendants many opportunities to produce facts or original documents and Defendants chose to ignore. Plaintiffs" sent their first request to the Defendants on February 27, 2010, almost 11 months ago and to this date the Defendants have been unable to meet their request to prove Holder in Due Course.

G.    Plaintiffs Have Failed to Establish That Moving Defendants Owed a Fiduciary Duty

In response to statements made on page 13, line 1 - Plaintiffs' deny that Defendants did not owe Plaintiffs' a fiduciary duty. Plaintiffs' state that the definition of fiduciary is, a person who holds assets in trust for a beneficiary; "it is illegal for a fiduciary to misappropriate money for personal gain" or relating to or of the nature of a legal trust (i.e. the holding of something in trust for another); "a fiduciary contract"; "in a fiduciary capacity"; "fiducially power" wordnetweb.princeton.edu/perl/webwn. Again the paramount fundamental issue in this case is Holder in Due Course.

H-1    Defendants' Alleged Failure To Produce the Original Note Is Not A Valid Claim
       Plaintiffs' "Securitization" Argument is Meritless

Recent case laws show this to be false. See F-2. Once again, the paramount fundamental issue in this case is Holder in Due Course.

H-2    Defendants Have No Duty To Produce the Original Note

In Defendants reply on page13, line 18-27, page 14, line 1-8, the statement that Defendants do not need to show the original note has been shown by Landmark decisions in the

Supreme Court State of Kansas and on January 7, 2011 in the State of Massachusetts Supreme Court another Landmark decision, as to holder in due course. This supports the paramount fundamental issue in this case which is Holder in Due Course.

I. <u>Counterfeit Securities Is Not a Valid Civil Claim</u>

In response to statements made on page 14, line 10-22- Defendants claim that Counterfeit securities is not a valid claim is totally rejected by Plaintiffs' and is a cause of action. Once again, the paramount fundamental issue in this case is Holder in Due Course.

In conclusion, Defendants in this case cannot show standing - holder in due course- therefore we move that the Court dismiss Defendants Motion to Dismiss for lack of standing in this case and grant Plaintiffs' request to dismiss Defendants Motion for Dismissal.

Furthermore, throughout the Defendants Motion for Dismissal they have made false statements referring to the Plaintiffs' status not being current and defaulting on their loan. The Defendants in fact have no evidence of such claim making them liable against the Plaintiffs' due to causing irreversible harm or injury to the Plaintiffs'.

Dated this 21 day of January, 2011

_/s/ James L. Potter_
James L. Potter
Plaintiff
In Proper Person

_/s/ Charlene E. Potter_
Charlene E. Potter
Plaintiff
In Proper Person

# EXHIBIT "A"

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

Statement Date 01/04/2011
**Account Number 103484653**
Property address
5721 Tropic Mist Street

 **How Your Loan Amount Can Change**
If your Minimum Payment is less than the Interest Only Payment:
* Your monthly Minimum Payment will not be enough to cover the interest due.
* The interest due, which is not covered by your Minimum Payment, is known as Deferred Interest and will be added to the amount you owe on your loan. Your Principal balance will then increase, which is known as "Negative Amortization".
* Negative Amortization results in reducing the amount of equity you have in your home. Negative Amortization should be managed carefully, so that you are not surprised by significant increases in future Minimum Payments.

**FOR CUSTOMER SERVICE: 1.866.653.6183**

0003201 01 A1 0.354 **AUTO T5 0 1352 89130-1567
PO A4 A6 000------0--2-1- M22425 IN 1 4 P03204
JAMES L & CHARLENE E POTTER
5721 Tropic Mist St
Las Vegas NV 89130-1567

## Your Monthly Home Loan Statement
### Snapshot of your Home Loan as of January 04, 2011

| | |
|---|---|
| Type of Loan | 30 Yr Jumbo PayOption ARM w/PMI |
| Current Principal Balance | $421,747.98 |
| Original Loan Amount | $424,000.00 |
| Maximum Limit (see explanation at bottom of page) | 115.00% |
| Margin | 2.875% |
| Interest Rate this Month | 3.250% |
| Remaining Term | 24 Years, 7 Months |

**Payment Due Date: Feb 1, 2011**
**Late Payment Charge:** $104.67 if payment is not received by **Feb 16, 2011**

### Your Payment Options this Month
The amounts listed below are total payments, including amounts collected for escrow items such as taxes and insurance premiums.

| Payment Options | Total Payment | Deferred Interest | Principal/ Interest Owed | Outstanding Late Charges** | Escrow | Optional Products*** |
|---|---|---|---|---|---|---|
| Option 1 Amortized Payment - This option is not available this month. | | | | | | |
| Option 2 15-Year Amortized Payment | $4,833.64 | | $4,273.01 | | $560.63 | |
| Option 3 Minimum Payment | $2,654.01 | | $2,093.38 | | $560.63 | |
| Option 4 Interest Only Payment - This option is not available this month. | | | | | | |

*Negative amounts (- [minus sign] shown) in the deferred interest column are added to the principal balance. This results from making a Minimum Payment that is less than the interest due.
**Outstanding late charges up to $400.00 are reflected in the payment option amount.

## —CALL TO LEARN MORE ABOUT TERM LIFE INSURANCE—

What expenses would your family have if you were gone tomorrow? To receive a quote for term life insurance, call 1.800.228.7652 to speak with a licensed agent from Banc of America Insurance Services, Inc.

Bank of America Corporation. All rights reserved. Insurance products are offered through Banc of America Insurance Services, Inc. (doing business in New York as Banc of America Insurance Agency) ("BAISI"). BAISI is a licensed insurance agency and nonbank subsidiary of Bank of America, N.A. BAISI is compensated as an agency for the services it provides to customers on behalf of insurance companies. Such compensation may include commissions and other performance based compensation. Insurance products offered through BAISI:

ARE NOT FDIC INSURED · ARE NOT BANK GUARANTEED · MAY LOSE VALUE · ARE NOT DEPOSITS · ARE NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY · ARE NOT A CONDITION TO ANY BANKING SERVICE OR ACTIVITY

012011 M22425 ARP6W4A1

**Maximum Limit** - Per your loan documents, the Maximum Limit is the maximum amount your loan can grow to before you are required to make the Full Payment. If you reach the Maximum Limit, your Minimum Payment will increase to the amount sufficient to repay your unpaid principal balance in full on the Maturity Date in substantially equal payments at the then current interest rate.

## Your Home Loan Activity this Month

### Breakdown of Payments and Other Amounts

| Date | Description | Amount | Principal/ Deferred Interest* | Interest | Additional Principal | Escrow | Late Charges | Optional Products You Requested | Buy-down Assistance | Unapplied |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/15/2010 | PMI payment | -$247.33 | | | | -$247.33 | | | | |
| 12/21/2010 | County tax pmt | -755.26 | | | | -755.26 | | | | |
| 01/03/2011 | January payment | 2,654.01 | 947.16 | 1,146.22 | | 560.63 | | | | |
| 01/03/2011 | Misc posting | 525.99 | | | 525.99 | | | | | |
| | **Ending balance | $421,747.98 | | | | | | | | |

*Amounts preceded by a (-) sign have been added to the principal balance.
**Please note: The ending principal balance shown above may not be the amount required to pay off your loan. For payoff information, you may use our 24-hour automated information system. Call 1.800.669.5833.

## Mortgage-Related Expenses Paid from Your Escrow Account

We are responsible for paying the following mortgage expenses on your behalf, using the money in your escrow account:

| Type of Payment | Who Receives the Payment | Your Policy Number or Tax ID | Frequency of Payment | Next Payment Due | Amount Due |
|---|---|---|---|---|---|
| Homeowners insurance | Allstate Insurance Co | 986325768 | Annual | 04/01/2011 | $708.28 |
| Monthly PMI | | 22835464 | Monthly | 01/01/2011 | $247.33 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 07/01/2011 | $755.26 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 09/01/2011 | $755.26 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 12/01/2011 | $755.26 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 02/01/2011 | $765.36 |



When you receive your tax bill, please retain the original bill for your records, as BAC Home Loans Servicing, LP will receive your tax information from another source. Supplemental bills will remain your responsibility and you must pay them directly.

**DID YOU KNOW?**

**Payments**
We may charge you a fee (of up to $40.00) for any payment returned or rejected by your financial institution, subject to applicable law.

All accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited by law.

Want more flexibility? BAC Home Loans Servicing, LP online payment service, MortgagePay on the Web, allows you to make your payments around the clock. Visit www.bankofamerica.com and check out the demo to see just how easy it is.

**You Can Make Your Payment By Phone.** There is a $15.00 fee for using the automated pay-by-phone service, or if you choose to process a payment through a Customer Service Representative, there is a $20 fee for this service.

### CREDIT REPORTING NOTICE

**TO CONTACT US**

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**For up-to-the-minute information about the account,** use our 24-hour automated information system. To ask us about this statement or account information, call **1.866.653.6183**, Mon - Fri, 8am to 9pm Eastern Time. Calls may be monitored and/or recorded for service quality purposes. Se habla español. 1.800.295.0025.
TDD 1.800.300.6407
**Please have the account number available when you call.**

Or write to us at:
The address for general inquiries and all RESPA Qualified Written Requests is:
BAC Home Loans Servicing, LP, Attn:

Customer Service CA6-919-01-41, PO Box 5170, Simi Valley, CA 93062-5170

Tax Dept CA6-913-LB-01, PO Box 10211, Van Nuys, CA 91410-0211
Insurance Dept., TX2-977-01-03, PO Box 961206, Fort Worth, TX 76161-0206
Payments, Attn: Remittance Processing PO Box 515503, Los Angeles, CA 90051-6803
*Overnight deliveries LADC Retail Payment Services, CA9-705-09-31, 1000 W Temple Street, Los Angeles, CA 90012-1514
Our website www.bankofamerica.com
Your account information is available in Spanish on the site mentioned above
*The facility at this address does not accept walk-up payments, it accepts overnight mail only. Payments can be made by Phone, Online, Mail, or at Bank of America Banking Centers.

Bank of America, N.A. Member FDIC. Bank of America, N.A. and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A., are Equal Housing Lenders. © 2011 Bank of America Corporation. Trademarks are the property of Bank of America Corporation. All rights reserved.

0003201 0006516

# EXHIBIT "B"

                        In care of:        Cynthia L. Castellanos,
                                           3316 Mastecraft Ave,
                                           N. Las Vegas, NV 89031

                    Notary Public   For: JAMES L. & CHARLENE E. POTTER

                                           Certified Mail # 7009 0960 0000 7002 0360
                                           Return Receipt Requested
                                           _____July 18_____, 2010

To:    BANK OF AMERICAN HOME LOANS
       BARBARA DESOER - PRESIDENT
       P.O. BOX 10227
       VAN NUYS, CALIFORNIA, 91410
       (hereafter referred to as LENDER/AGENT)

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent**

Re: **Notice of Fault with regard to the failure of LENDER/AGENT to collect** $433,472.04 held in Escrow for LENDER/AGENTS to settle Account No. 103484653; failure of LENDER/AGENTS to produce the Original Promissory Note (wet ink signature) Required for Release of funds; Funds were made available until ___July 22___, 2010, and will be returned on ___July 22___, 2010.

**Notice of Opportunity to Cure!** Please advise me within 72 Hours that the Note will be produced and the Funds will be held and be made available for your collection.

Dear  BARBARA DESOER - PRESIDENT :

    At the request of JAMES L. & CHARLENE E. POTTER, I have held in Escrow for over fourteen days "legal tender funds" in the amount of $433,472.04  to be paid to LENDER/AGENTS upon production of the original promissory note (wet ink signature) held by you as collateral on loan number 103484653. As of ___July 18___, 2010 I have not heard from you: No one from LENDER/AGENTS has contacted me with regard to the $433,472.04  I have held for you.

This is my **Notice of Fault and Notice of Opportunity to Cure!** You have **72 hours** from receipt of this notice to collect the funds by tendering the original note to me. JAMES L. & CHARLENE E. POTTER requires this so that the note (wet ink signature) may not be represented for collection. Upon receipt of the original note (wet ink signature), I will forward full payment of $433,472.04  now held in escrow to you or the agent you designate to receive funds. I am also available to personally exchange funds for the instrument. Contact me as soon as possible to schedule a meeting. JAMES L. & CHARLENE E. POTTER will require that I return his payment to him in just 72 hours from your receipt of this Notice. So please do not delay. Should BANK OF AMERICA HOME LOANS default, on or about ___July 22___, 2010, I will issue an Affidavit of Non Response.

**I am not a party** to any dealings between LENDER/AGENTS and JAMES L. & CHARLENE E. POTTER, and am merely acting as an Escrow Agent.


Sincerely yours,

Cynthia L. Castellanos – Notary Public/Escrow Agent
cc: JAMES L. & CHARLENE E. POTTER