James L. Potter and Charlene E. Potter
5721 Tropic Mist St.
Las Vegas, Nevada 89130
Telephone (702 ) 633-7092
Plaintiffs in Proper Person

## UNITED STATES DISTRICT COURT
### District of Nevada

JAMES L. POTTER and

CHARLENE E. POTTER

    PLAINTIFFS

    vs.

BANK OF AMERICA, N.A. and

BANK OF AMERICA HOME LOANS and

BAC HOME LOANS SERVICING LP and

MERS - Mortgage Electronic Registration

Services

    DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:10-cv-02095-GMN-LRL

MOTION FOR SUMMARY JUDGMENT

      James L. Potter and Charlene E. Potter, Plaintiffs, in proper person, submit their Motion for Summary Judgment.

      Plaintiffs ask this Honorable Court to take judicial notice of the fact that we appear without counsel,  are not schooled in the law and legal procedures, and are not licensed to practice law. Therefore our pleadings must be read and construed liberally. Further Plaintiffs believe that this Court has a responsibility and legal duty to protect any and all of the Plaintiffs' Constitutional and statutory rights; specifically by the due process clause of the Fifth and Fourteenth Amendment thereto, which invokes the due process clauses of the Seventh, Fifth and Fourteenth Amendments to said Constitution upon the States and guarantees to all private citizens the freedom of private property and the separate and, distinct common law jurisdiction

of this Court, in accord with the rules of common law related to fiduciary duties.

Plaintiffs believe that the principle of equitable tolling does apply to all claims in this action, given Defendants violations of Constitutional law and federal and state statues and codes, at all times relevant hereto, as detailed below, Plaintiffs could not have reasonably discovered the concealed facts of violations in-depth and explicitly, until we were faced with Defendants attempt to enforce an illegal attempt to collect and possible sale and dispossession of the Property. In this event we researched all matters concerning the legality of the collection and possible foreclosure, as well as the media coverage of government entities, and homeowners accusations of fraud in the enforcement of millions of foreclosures, leading us to study all of the documents and events relating to the purchase of the property.

The equitable tolling principles are to be read into every federal statute of limitations, unless Congress expressly provides to the contrary in clear and ambiguous language, (See Rotella v. Wood, 528 US.549,560-61,120 S. Ct. 1075,145L. Ed 2d 1047 (2000)). Since the Federal statutes and codes Plaintiffs accuse Defendants of violating in the Amended Complaint do not evidence contrary Congressional intents, all statute of limitations must be read to be subject to equitable tolling, particularly since the act is to be construed liberally in favor of consumers.

The issue of "Standing" is a basic issue of Constitutional Law either at the Federal level or at the state district court level. That is to say, if you are not the person directly injured or directly benefiting from a specific law or circumstance, you cannot go to court and try to enforce any rights that do not belong to you.

The United States Supreme Court in several cases has stated that federal courts must satisfy for themselves that "Standing" exists and that "the Plaintiffs have alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction. "Warth V. Seldin, 422 U.S. 490,498-99 (1975). Thus, if there is no direct injury or direct harm to the party that wishes to pursue a claim in court, then no right to "Standing" or right to be in court, exists in the first place.

## MEMORANDUM OF POINTS AND AUTHORITIES FACTS

### INTRODUCTION

Plaintiffs are not in default nor have breached their promise to repay the money they borrowed on the loan, yet Defendants continue to make statements and allegations that the Plaintiffs are seeking through litigation to avoid their payment obligations. In the Motion filed with the Court it is evident that the Defendants cannot show ownership of the alleged Mortgage Loan and do not know the true status of the stated loan within their institution. Defendants and/or Legal Counsel state that the Plaintiffs' are in default and have breached their promise to repay the money they borrowed. As of this date, January 21, 2011 the Plaintiffs' have evidence that they have never been in the rears in their payments and are current. The Defendants in their motion to dismiss amended complaint made a malicious statement pertaining to the Defendants being in default and published this false statement in a legal document which was submitted to the courts as a matter of public record. One of the Plaintiffs' are in the process of seeking employment and his field requires an in-depth background check by a potential employer where financial information is scrutinized and will lead to non-selection. The Defendants in fact have no evidence of such claim and could be held liable to the Plaintiffs' for potentially causing irreversible harm or injury to the Plaintiffs'.

The Amended Complaint at page 1, line 28, page 2 lines 6-10 clearly states the reasons for the action taken against Defendants "this action seeks to prevent the collection of an improper debt" and "to prevent double paying this bank on the debt and/or pay the wrong party and/or prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose or collect on it." Through Defendants pleadings filed with the Court it is evident that the Defendants cannot show ownership of the alleged Mortgage which is the paramount fundamental issue in this case. Instead they refer to the Evidence listed in the Amended Complaint beginning on page 7 line 26 and argue the validity of these documents. This Evidence is what supports the opening statements made in the Amended Complaint. Further through statements made in all of their pleadings, it should be evident that Defendants through their legal counsel are confused about which Plaintiffs and mortgage loan they are defending against, because Plaintiffs are not in default nor have breached their promise to repay

the money they borrowed. Based on these facts, their Opposition is not valid and should be denied.

Defendants have chosen not to defend the paramount fundamental issue in this case. Their pleadings thus far supports our contention that there exits an undisputed fact that Bank of America and its subsidiary companies do not own the mortgage loan in question.   They have produced no evidence as to their claim to have any interest in the indebtedness of Plaintiffs and any claim to the property under the rights conferred under the Subject Deed of Trust or otherwise.  Defendants are unable to prove their claims of ownership of the mortgage in question as they have failed to hold and possess the original Deed of Trust Mortgage, original note, and other pertinent documents.   Again, the paramount fundamental issue in this case is Defendants lack of standing - holder in due course.

## BACKGROUND FACTS

Plaintiffs never denied that they entered into a mortgage loan with Prado Mortgage on August 1, 2005 in the amount of $425,000.00 ("the loan") which was secured by the property located at 5721 Tropic Mist St., Las Vegas, NV 89130.  The loan was immediately sold to Countrywide who was then acquired by Bank of America.  Bank of America Home Loans notified Plaintiffs of this acquisition.  The account number established by Countrywide remained the same and payments by Plaintiffs were made to BAC on or before their due dates (see Exhibit A). As previously stated, Plaintiffs have not stopped making payments and are not in default or breach of contract.  But it was determined by audit and legal attempt to satisfy the loan with a pay-off determined that Defendants have no evidence of ownership of the mortgage loan in question.  This is the paramount fundamental issue of this lawsuit.

## THE EVIDENCE

The audit referred to was attempted through a formal Qualified Written Request in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).  Defendants failed to fully respond and were noticed of the same on or about June 6, 2010.  See attached Exhibit B.

On June 30, 2010, in response to a verbal request made by Plaintiffs for a pay-off on the subject mortgage loan, Defendants delivered to Plaintiffs via US Mail a Payoff Demand

Statement.  See attached Exhibit C.  This statement set forth the terms, conditions and instructions to pay-off the subject loan.  In response, Plaintiffs sent correspondence via certified mail to Defendants Bank of America and BAC Home Loans Servicing LP conditionally accepting Defendants payoff demand.  See attached Exhibit D.  Plaintiffs provided their terms, conditions and instructions.  Further, the correspondence states "I will accept your offer and tender full payment to be held in escrow by a third party Notary Public".  On or about July 12, 2010 and again on July 18, 2010, the third party sent correspondence noticing Bank of America and BAC Home Loans Servicing LP of funds being available until July 22, 2010.  See attached Exhibit E.  On or about August 4, 2010, an Affidavit - Commercial Oath and Verification and Final Notice of Default was sent via certified mail to Bank of America Home Loans and BAC Home Loans Servicing LP, outlining the events involving Plaintiffs response to Defendants Payoff Demand Statement.  See attached Exhibit F.

Then on or about August 16, 2010, Plaintiffs delivered via certified mail a Notice of Right to Cancel - TILA to Defendants  and other related parties - See Exhibit G.

Responses received to this series of documents were done by BAC Home Loans Servicing wherein they provided numerous unauthenticated copies of the note and Deed of Trust. Further, BAC Home Loans Servicing repeatedly stated that the loan would remain in full force and effect and that BAC would continue to be the servicer of the loan. It is important to note that none of the letters were signed and therefore inadmissible into evidence.  Bank of America and MERS remained silent and did not respond.

Defendants claim these documents were fraudulent and without any legal validity.  Yet, Defendants produced a Demand Payoff Statement to an inquiry about what is owed on the Mortgage Loan.  They outlined terms, conditions and instructions but yet deny the right of the borrower to establish their own terms and conditions in response to this Demand.  More so they allege that our tender of payment was insufficient and nonexistent.  They did not inquire about the funds being held so how can they establish that the tender of payment was insufficient and nonexistent?  Defendants have no basis or proof of this statement yet state in their Opposition to Defendants Motion to Dismiss Amended Complaint that Plaintiffs failed to include any relevant

facts or supporting evidence and only rely on conclusory allegations "regurgitated" from their previously filed pleadings.  Defendants silence to the documents sent by Plaintiffs is evidence that they are unable to prove their standing, have no evidence of ownership of the mortgage loan in question, and are not Holders in Due Course.  They are unable to produce the original documents to prove their claims.  This is the paramount fundamental issue in this lawsuit and the basis for the Motion for Summary Judgment.

LEGAL ARGUMENT

The suit filed with this Court is because Defendants cannot show ownership of the alleged Mortgage Loan.  A Summary judgment in this case is appropriate because Defendants' through all of their responses prior to the filing of the lawsuit and subsequently throughout their responses and Motions to Dismiss have not provided any evidence supporting their claim to the Mortgage Loan in question.  Defendants have not and cannot prove they are the owners and holders in due course of the Mortgage in question which is the paramount fundamental issue in this case.  Defendants are not in standing with this Court.  This material fact supports the legal argument for Plaintiffs' Motion for Summary Judgment.

Facts in Support of Summary Judgment

Plaintiffs' Amended Complaint clearly states the reasons for the action taken against Defendants  "this action seeks to prevent the collection of an improper debt" and "to prevent double paying this bank on the debt and/or pay the wrong party and/or prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose or collect on it."  The evidence contained herein in response to Defendants Opposition to Motion to Dismiss Amended Complaint shows that numerous attempts were made to determine the owner and holder in due course of the Mortgage in question.  Defendants have not proven their claim and continue to ignore and remain silent on this paramount fundamental issue.  This issue is being heard in numerous cases throughout the United States and is evolving daily.  Defendants are now being sued by the States of Nevada, Arizona as well as countless suits being filed in practically every state in the nation for their lack of standing, holder in due course, fraud, mishandling of loan documents through their subsidiary companies as well as through MERS.  To this extent,

6

the Attorney General, State of Nevada, said on ABC news that due to Bank of America's arrogance and unwillingness to cooperate that the State of Nevada had no alternative but to file suit against Bank of America for their wrong doings in handling mortgage loans in this State. Yet Defendants continue to site case law in their Pleadings and Motions that are outdated and if appealed would be overturned in light of current day law being established.

In response to Defendants regurgitation of their pending Motion to Dismiss, Plaintiffs respond:

### Securitization

In response to Defendants continued argument about securitization of the loan, Plaintiffs can prove beyond any doubt that the securitization process is one of the reasons that Defendants cannot prove their claim, cannot prove they are Holders in Due Course, and therefore are not in standing with this Court. See Amended Complaint page 7, line 5-25.

### Fraud

Although Defense claims there is no fraud because of conduct when in fact *fraud in the factum* is evident when the paramount issue of this case is Holder in Due Course.

### Defendants Need Not Produce the Original Note

Very recent Supreme Court decisions from Massachusetts on January 7, 2011 and Supreme Court of Kansas has substantiated the fact that Lenders must have the original documents to show ownership of the Mortgage Loan.

To show standing with the Court Defendants must have access to the original Deed of Trust, the Mortgage Note and supporting original documents. These Landmark cases have proven that mortgage banks must prove ownership with original documents instead of mere copies. In the case of Mortgage Electronic Registration Systems, Inc. v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of Nevada stated that "MERS did not establish it was a real party in interest. MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do." Additionally, in a Landmark decision in the Kansas Supreme Court,  National Bank v. Kesler, 289 Kan. 528,216 P.3d 158(2009). "Kan. Stat. Ann. § 60-260(b)

allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer." Also in September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21 (2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage. In LaSalle Bank v. Ahearn, 875 N.Y.S. 2d 595 (2009), the case was dismissed with prejudice - lack of standing. In another case, Novastar Mortgage, Inc. v. Snyder 3:07CV480 (2008), it was ruled that "Novastar has the burden of establishing its standing. It has failed to do so."

In a current case in the Eighth Judicial Court, State of Nevada, Ostorga vs. JP Morgan Chase Bank, Case No. A-10-628624-C, it is Plaintiffs contention that the Defendant in this case without the ability to show standing with the Court has chosen not to answer the Summons and loose this case by Default therefore showing that without standing the bank in these types of cases have no defense when Holder in Due Course is the paramount issue.

CONCLUSION

Defendants in this case cannot show and have not shown that they have standing and therefore have no legal right to continue in Court as a point of law. Defendants futile attempts in Opposing this suit is a waste of Defendants sustenance that we the tax payers of America have provided to Bank of America. Defendants do not have standing and therefore this case should be judged for Plaintiffs.

**WHEREFORE**, Plaintiffs we move that the Court grant this Order herein:

1.      Enjoining further dispositions of the subject realty pending resolution hereof.

2.      Declaring that Defendants lack any interest in the subject property which might permit them to foreclose, or attempt to foreclose, the Trust Deed and/or to sell the subject

property.

3.      Terminating all present collection activities upon any security in the subject property and enjoining any further such collection actions not originated by the owners of the debt.

4.      Declaring that the Trust Deed is not a lien against the subject property, ordering the immediate release of the Trust Deed of record, and quieting title to the subject property in Plaintiffs and against Defendants and all claiming by, through, or under them;

5.      Refunding Plaintiffs from Defendants, jointly and severally, all fees and charges, principal and interest paid under the Trust Deed, and awarding Plaintiffs its cost of the action, including reasonable attorney's fees; and

6.      For such other and further relief as the Court deems just in the premises.

Therefore and all relief given and with these undeniable facts the Court must grant the Summary Judgment for Plaintiffs.


Dated this _____ day of February, 2011.

James L. Potter
Plaintiff
In Proper Person

Charlene E. Potter
Plaintiff
In Proper Person

**EXHIBIT A**

# Countrywide
## HOME LOANS

**Account Number** 103484653   **Statement date** 10/03/2008

Property address
5721 Tropic Mist Street

James L & Charlene E Potter

## ESCROW ACCOUNT REVIEW

| ESCROW EXPLAINED | Part of your monthly loan payment goes into an account to pay for your property taxes and insurance premiums. During the year, payments are made out of this account when bills come due. This notice describes any changes needed in your monthly payment to maintain enough money in your escrow account to pay these bills. In our step-by-step analysis, we determine the data shown below to calculate your new escrow payment. |
|---|---|

*See below for:*
• an in-depth explanation of each step of your escrow analysis   • side-by-side comparison of last year's projected and actual data

### SUMMARY

| | | |
|---|---|---|
| Base amount needed *(see Step 1)* | The expected monthly amount needed to pay your property taxes and insurance premiums | $546.47 |
| Shortage payment *(see Step 2)* | **The monthly amount you must pay into your escrow account to keep the balance from falling below zero during the year** | $0.00 |
| Reserve requirement *(see Step 3)* | The monthly amount allowed by federal law for unexpected tax and insurance increases and other costs | $8.42 |
| **New monthly escrow payment** *(see Step 4)* | | **$554.89** |
| **New monthly home loan payment effective 12/2008** *(see Step 4)* | | **$2,501.80** |

## HOW WE CALCULATE YOUR ESCROW PAYMENT

**STEP 1**     **Determine base amount needed for the year**

| Escrow items | Amount needed | Frequency in months | Monthly amount needed | |
|---|---|---|---|---|
| Homeowners insurance | $716.94 | 12 | $59.75 | |
| Monthly PMI | 247.33 | 1 | 247.33 | |
| County taxes | 703.50 | 12 | 58.63 | |
| County taxes | 803.21 | 12 | 66.93 | |
| County taxes | 683.00 | 12 | 56.92 | |
| County taxes | 683.00 | 12 | 56.92 | |
| **Total monthly base payment amount** | | | | **$546.47** |

**STEP 2**     **Determine lowest projected balance**

In the chart located below, we project the amounts you will pay into your escrow account next year and the amounts we will pay out for your insurance and tax bills. Remember, these figures are only projections and may not reflect the actual payments made at the time they are due.

| Month | Escrow deposit(s) | Tax payment(s) | Insurance payment(s) | MIP/PMI payment(s) | Balance |
|---|---|---|---|---|---|
| **Beginning balance** | | | | | **$1,835.05** |
| September 2008 | | | | 247.33 | 1,587.72 |
| October 2008 | | | | 247.33 | 1,340.39 |
| November 2008 | | | | 247.33 | 1,093.06 |
| December 2008 | 546.47 | 683.00 | | 247.33 | 709.20 |
| January 2009 | 546.47 | | | 247.33 | 1,008.34 |
| February 2009 | 546.47 | 683.00 | | 247.33 | 624.48 |
| March 2009 | 546.47 | | | 247.33 | 923.62 |
| April 2009 | 546.47 | | 716.94 | 247.33 | 505.82 |
| May 2009 | 546.47 | | | 247.33 | 804.96 |
| June 2009 | 546.47 | | | 247.33 | 1,104.10 |
| July 2009 | 546.47 | 703.50 | | 247.33 | 699.74 |
| August 2009 | 546.47 | | | 247.33 | 998.88 |
| September 2009 | 546.47 | 803.21 | | 247.33 | 494.81* |
| October 2009 | 546.47 | | | 247.33 | 793.95 |
| November 2009 | 546.47 | | | 247.33 | 1,093.09 |
| **Ending balance** | | | | | **$1,093.09** |

| | |
|---|---|
| **Lowest projected balance** | **$494.81** |
| **Shortage payment amount** | **$0.00** |

* Lowest projected balance (LPB)

Your Lowest Projected Balance (LPB) reflects a balance above zero. In the next step, we will compare this amount to your escrow reserve requirement to determine if there is an overage.

**STEP 3**     **Determine reserve requirement**

Federal law allows for the collection of a reserve amount to maintain a cushion for unexpected tax and/or insurance increases and other costs. The reserve used for this period is shown below.

| | |
|---|---|
| Lowest projected balance *(see step 2 above)* | $494.81 |
| Total reserve requirement (16.6% of the base amount) * | 595.88 |
| Additional amounts required | 101.07 |
| **Monthly reserve requirement ($101.07 divided by 12)** | **$8.42** |
| **Available overage** | **$0.00** |

* Base amount equals the total of payments anticipated to be paid out of the escrow account during the year but excludes PMI/MIP amounts.

Countrywide Home Loans, Inc. and Countrywide Bank, FSB, member FDIC, are Equal Housing Lenders. © 2008 Countrywide Financial Corp. Trade/servicemarks are the property of Countrywide Financial Corporation and/or its subsidiaries. All rights reserved.

**STEP 4**      **Determine monthly payments**

### Calculation of monthly escrow payment

| | |
|---|---:|
| Base amount needed for taxes and/or insurance *(see Step 1)* | $546.47 |
| Shortage payment *(see Step 2)* | .00 |
| Reserve requirement *(see Step 3)* | 8.42 |
| **Total monthly escrow payment** | **$554.89** |

### Calculation of monthly home loan payment

| | |
|---|---:|
| Principal and/or interest | $1,946.91 |
| Total monthly escrow payment | 554.89 |
| **Total monthly home loan payment effective  12/2008** | **$2,501.80** |

### LAST YEAR IN REVIEW

#### Current analysis compared to previous                    *Monthly amount*

| Amount needed for taxes and insurance | Last analysis | This analysis |
|---|---:|---:|
| Homeowners insurance | $59.75 | $59.75 |
| Monthly PMI | 247.33 | 247.33 |
| County taxes | 58.63 | 58.63 |
| County taxes | 56.92 | 66.93 |
| County taxes | 56.92 | 56.92 |
| County taxes | 56.92 | 56.92 |
| Total base escrow payment | $536.45 | $546.47 |
| Shortage payment | .00 | .00 |
| Reserve requirement | .00 | 8.42 |
| Rounding amount | .00 | .00 |
| **Monthly escrow payment** | **$536.45** | **$554.89** |
| Principal and/or interest | $1,946.91 | $1,946.91 |
| Monthly escrow payment | 536.45 | 554.89 |
| **Total payment amount** | **$2,483.36** | **$2,501.80** |

#### Summary of escrow change

As shown, your base escrow amount increased. Your reserve percentage remained unchanged. Your reserve payment increased. The result of these issues caused your total escrow payment to increase.

A side-by-side comparison of last year's projected escrow account activity and actual activity can be found below.

#### Last year's escrow payments

**Projected**

| Date | Activity | Paid in | Paid out | Balance |
|---|---|---:|---:|---:|
| | Beginning balance | | | **$2,179.35** |
| 07/02/2008 | Monthly PMI | | 247.33 | 1,932.02 |
| 08/02/2008 | Monthly PMI | | 247.33 | 1,684.69 |
| 09/01/2008 | Sep Payment | 536.45 | | 2,221.14 |
| 09/02/2008 | Monthly PMI | | 247.33 | 1,973.81 |
| 09/02/2008 | County taxes | | 683.00 | 1,290.81 |
| 10/01/2008 | Oct Payment | 536.45 | | 1,827.26 |
| 10/02/2008 | Monthly PMI | | 247.33 | 1,579.93 |
| 11/01/2008 | Nov Payment | 536.45 | | 2,116.38 |
| 11/02/2008 | Monthly PMI | | 247.33 | 1,869.05 |
| 12/01/2008 | Dec Payment | 536.45 | | 2,405.50 |
| 12/02/2008 | Monthly PMI | | 247.33 | 2,158.17 |
| 12/02/2008 | County taxes | | 683.00 | 1,475.17 |
| 01/01/2009 | Jan Payment | 536.45 | | 2,011.62 |
| 01/02/2009 | Monthly PMI | | 247.33 | 1,764.29 |
| 02/01/2009 | Feb Payment | 536.45 | | 2,300.74 |
| 02/02/2009 | Monthly PMI | | 247.33 | 2,053.41 |
| 02/02/2009 | County taxes | | 683.00 | 1,370.41 |
| 03/01/2009 | Mar Payment | 536.45 | | 1,906.86 |
| 03/02/2009 | Monthly PMI | | 247.33 | 1,659.53 |
| 04/01/2009 | Apr Payment | 536.45 | | 2,195.98 |
| 04/02/2009 | Homeowners insurance | | 716.94 | 1,479.04 |
| 04/02/2009 | Monthly PMI | | 247.33 | 1,231.71* |
| 05/01/2009 | May Payment | 536.45 | | 1,768.16 |
| 05/02/2009 | Monthly PMI | | 247.33 | 1,520.83 |
| 06/01/2009 | Jun Payment | 536.45 | | 2,057.28 |
| 06/02/2009 | Monthly PMI | | 247.33 | 1,809.95 |
| 07/01/2009 | Jul Payment | 536.45 | | 2,346.40 |
| 07/02/2009 | Monthly PMI | | 247.33 | 2,099.07 |
| 07/02/2009 | County taxes | | 703.50 | 1,395.57 |
| 08/01/2009 | Aug Payment | 536.45 | | 1,932.02 |
| 08/02/2009 | Monthly PMI | | 247.33 | 1,684.69 |
| | **Ending balance** | | | **$1,684.69** |

*Lowest projected balance

**Actual**

| Date | Activity | Paid in | Paid out | Balance |
|---|---|---:|---:|---:|
| | Beginning balance | | | **$1,276.24** |
| 09/03/2008 | Sep Payment | 536.45 | | 1,812.69 |
| 09/12/2008 | PMI payment | | 247.33 | 1,565.36 |
| 09/30/2008 | County tax pmt | | 803.21 | 762.15* |
| 10/03/2008 | Oct Payment | 536.45 | | 1,298.60 |
| | **Ending balance** | | | **$1,298.60** |



Customer Service
PO Box 5170
Simi Valley, CA 93062-5170



**Account Number 103484653**
Property address
5721 Tropic Mist Street

0000205 01 AT 0.354 **AUTO  T1 3 2454 89130-1567
PO A4 AG 000------0--2-1- C0000070 IN 1 P00205
JAMES L & CHARLENE E POTTER
5721 Tropic Mist St
Las Vegas NV 89130-1567

### How Your Loan Amount Can Change
If your Minimum Payment is less than the Interest Only Payment:
* Your monthly Minimum Payment will not be enough to cover the interest due.
* The interest due, which is not covered by your Minimum Payment, is known as Deferred Interest and will be added to the amount you owe on your loan. Your Principal balance will then increase, which is known as "Negative Amortization".
* Negative Amortization results in reducing the amount of equity you have in your home. Negative Amortization should be managed carefully, so that you are not surprised by significant increases in future Minimum Payments.

## FOR CUSTOMER SERVICE: 1.866.653.6183

## Your Monthly Home Loan Statement
### Snapshot of your Home Loan as of December 03, 2010

| | |
|---|---|
| Type of Loan | 30 Yr Jumbo PayOption ARM w/PMI |
| Current Principal Balance | $423,221.13 |
| Original Loan Amount | $424,000.00 |
| Maximum Limit (see explanation at bottom of page) | 115.00% |
| Margin | 2.875% |
| Interest Rate this Month | 3.250% |
| Remaining Term | 24 Years, 8 Months |

**Payment Due Date: Jan 1, 2011**
**Late Payment Charge:** $104.67 if payment is not received by **Jan 16, 2011**

## Your Payment Options this Month
The amounts listed below are total payments, including amounts collected for escrow items such as taxes and insurance premiums.

| Payment Options | Total Payment | Deferred Interest | Principal/ Interest Owed | Outstanding Late Charges** | Escrow | Optional Products*** |
|---|---|---|---|---|---|---|
| **Option 1** Amortized Payment · This option is not available this month. | | | | | | |
| **Option 2** 15-Year Amortized Payment | $4,817.06 | | $4,256.43 | | $560.63 | |
| **Option 3** Minimum Payment | $2,654.01 | | $2,093.38 | | $560.63 | |
| **Option 4** Interest Only Payment · This option is not available this month | | | | | | |

*Negative amounts ((-) minus sign) shown in the deferred interest column are **added** to the principal balance. This results from making a Minimum Payment that is less than the interest due.
**Outstanding late charges up to $400.00 are reflected in the payment option amount.

---

## Explore the benefits of managing your home loan account online....

Enjoy the ease and flexibility of accessing updated account information- 24 hours a day - in one convenient location. Log on to **www.bankofamerica.com** to:
* access detailed information on your monthly, adjustable rate mortgage, and escrow statements
* review transaction history for payments received and escrow disbursements made
* update tax and insurance information
* view any payment changes due to ARM or escrow adjustments
* update bank information using Manage Accounts
* make payments on-line with **MortgagePay on the Web***.

*Please note: Terms and conditions apply. A service fee may be assessed. Please read website for enrollment details.

---

**Maximum Limit** Per your loan documents, the Maximum Limit is the maximum amount your loan can grow to before you are required to make the Full Payment. If you reach the Maximum Limit, your Minimum Payment will increase to the amount sufficient to repay your unpaid principal balance in full on the Maturity Date in substantially equal payments at the then current interest rate.

## Your Home Loan Activity this Month

**Breakdown of Payments and Other Amounts**

| Date | Description | Amount | Principal/ Deferred Interest* | Interest | Additional Principal | Escrow | Late Charges | Optional Products You Requested | Buy-down Assistance | Unapplied |
|------|-------------|--------|-------------------------------|----------|---------------------|--------|--------------|--------------------------------|---------------------|-----------|
| 11/15/2010 | PMI payment | -$247.33 | | | | -$247.33 | | | | |
| 12/02/2010 | December payment | 2,654.01 | 943.18 | 1,150.20 | | 560.63 | | | | |
| 12/02/2010 | Misc posting | 525.99 | | | 525.99 | | | | | |
| | **Ending balance** | | $423,221.13 | | | | | | | |

*Amounts preceded by a (-) sign have been added to the principal balance.
**Please note: The ending principal balance shown above may not be the amount required to pay off your loan. For payoff information, you may use our 24-hour automated information system. Call 1.800.669.5833.

## Mortgage-Related Expenses Paid from Your Escrow Account

We are responsible for paying the following mortgage expenses on your behalf, using the money in your escrow account:

| Type of Payment | Who Receives the Payment | Your Policy Number or Tax ID | Frequency of Payment | Next Payment Due | Amount Due |
|-----------------|--------------------------|------------------------------|---------------------|------------------|------------|
| Homeowners insurance | Allstate Insurance Co | 986325768 | Annual | 04/01/2011 | $708.28 |
| Monthly PMI | | 22835464 | Monthly | 12/01/2010 | $247.33 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 07/01/2011 | $755.26 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 09/01/2011 | $755.26 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 12/01/2010 | $765.36 |
| County taxes | Clark County Treasurer | 125-25-414-004 | Annual | 02/01/2011 | $765.36 |



**DID YOU KNOW?**

**Payments**

We may charge you a fee (of up to $40.00) for any payment returned or rejected by your financial institution, subject to applicable law.

All accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited by law.

**TO CONTACT US**

**CREDIT REPORTING NOTICE**

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**For up-to-the-minute information about the account,** use our 24-hour automated information system. To ask us about this statement or account information, call 1.866.653.6183, Mon - Fri, 8am to 9pm Eastern Time. Calls may be monitored and/or recorded for service quality purposes. *Se habla español* 1.800.295.0025.
TDD 1.800.300.6407

**Please have the account number available when you call.**

Or write to us at:
The address for general inquiries and all RESPA Qualified Written Requests is:
BAC Home Loans Servicing, LP, Attn:

Customer Service CA6-919-01-41, PO Box 5170, Simi Valley, CA 93062-5170

Tax Dept CA6-913-LB-01, PO Box 10211, Van Nuys, CA 91410-0211
Insurance Dept., TX2-977-01-03, PO Box 961206, Fort Worth, TX 76161-0206
Payments, Attn: Remittance Processing PO Box 515503, Los Angeles, CA 90051-6803
*Overnight deliveries LADC Retail Payment Services, CA9-705-09-31, 1000 W Temple Street, Los Angeles, CA 90012-1514
Our website www.bankofamerica.com
Your account information is available in Spanish on the site mentioned above.
*The facility at this address does not accept walk-up payments, it accepts overnight mail only. Payments can be made by Phone, Online, Mail, or at Bank of America Banking Centers.

Bank of America, N.A. Member FDIC. Bank of America, N.A. and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A., are Equal Housing Lenders. © 2010 Bank of America Corporation. Trademarks are the property of Bank of America Corporation. All rights reserved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

Proof of mailing attached                    CERTIFIED MAIL # *7010  0290 0001 1678 1333*

BANK OF AMERICA HOME LOANS
BARBARA J. DESOER - PRESIDENT
P.O. BOX 1022ˀ
VAN NUYS. CALIFORNIA. 91410

**LOAN NUMBER 103484653**

Bank of America Home Loans, Alleged Creditor
     vs.
JAMES L. & CHARLENE E. POTTER, Alleged Debtor

Re: Having been presented with a **QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST** dated February 27, 2010, sent via Certified Mail #7009 0960 0000 7002 0109, and having had Notice and opportunity to respond, Bank of America Home Loans **have failed to fully respond.**

Gentlemen:

     This letter is lawful notification to you, pursuant to The Bill of Rights of the National Constitution, in particular, the First, Fourth, Fifth, Sixth and Ninth Amendments, and The Bill of Rights of the Nevada Constitution, in particular those sections which correspond to those sections referenced in the National Constitution, and pursuant to your oath, and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e), requires your written response to me specific to the subject matter. Should you fail to FULLY and COMPLETELY respond to this **NOTICE OF FAULT and OPPORTUNITY TO CURE**, within **10 days**, by answering all of the questions in the QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST you agree to the Default Provisions under the QUALIFIED WRITTEN REQUEST. Your failure to respond to this NOTICE OF FAULT and OPPORTUNITY TO CURE is your lawful, legal and binding agreement with and admission to the fact that everything in the QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST is true, correct, legal, lawful and binding upon you, in any court, anywhere in America, without your protest or objection or that of those who represent you. Your silence is your acquiescence. See: *Connally v. General Construction Co.*, 269 U.S. 385, 391. Notification of legal responsibility is "the first essential of due process of law." Also, see: *U.S. v. Tweel*, 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." Any other incomplete responses you may have sent or orders to not corresponded on this matter, are only conditionally accepted, only upon your full and complete response to the items required in the above referenced request letter, which has not occurred according to the record. Verbal replies are not accepted. Any legal threats, charges. or claims that this request is invalid are hereby accepted for value and considered settled.

Bank of America Home Loans, BARBARA J. DESOER – PRESIDENT having had opportunity to respond to the "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e), served upon them by JAMES L. & CHARLENE E. POTTER, in the matter of **LOAN NUMBER 103484653** on or about March 4, 2010 have failed to

respond and are in fault. Therefore, their failure to cure is their admission that the "Default Provisions under this QUALIFIED WRITTEN REQUEST" are in full effect.

This 2 page Notice of Fault is cordially presented, All Rights Reserved – Under Necessity

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.**

If you choose to cure the FAULT, by answering all of the questions in the **QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST** then do so in writing, completely, on a point for point basis with particularity within 10 days of this letter's date, and support your statements with evidence, fact and law. Your failure to respond, as stipulated, is your agreement with and admission to the fact that everything in the NOTICE OF FAULT and the **QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST** is true, correct, legal, lawful, and is your irrevocable agreement attesting to this, fully binding upon you, in any court in America, without your protest or objection or that of those who represent you. Non – Assumpsit, All Rights Reserved

By: _James L. Potter   Charlene E Potter_ Date _May 3_ , 20 _10_

Authorized representative for JAMES L. & CHARLENE E. POTTER


**NOTARY WITNESS**

State of _Nevada_                           County of _Clark_

**Subscribed and sworn to (or affirmed) before me on this** _3rd_ day of _June_ , 20 _10_ , by _James L Potter & Charlene E Potter_ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____(seal)

Commission expires _November 21_ , 20 _13_

CYNTHIA L. CASTELLANOS
Notary Public, State of Nevada
Appointment No. 09-11335-1
My Appt. Expires Nov 21, 2013

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Bank of America Home Loan*
*Barbara J Desoer President*
*P. Box 10297*
*Van Nuys, Cal 91410*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Martin Suerta*   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☒ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    *7010 0390 0001 1678 1335*

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540

ASSERVATION OF MAILING

I, _Charlene Potter_____ do hereby solemnly declare, that on __6 / 05____, 2010, I did cause to be delivered by First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the party and location listed below:

Witness Signature: _____

Witness Complete Name: _____

Re: Bank of America Home Loans vs. James L. Potter an
Account # 103484653

Document Sent To:

BANK OF AMERICA HOME LOANS
BARBARA J. DESOER – PRESIDENT
P.O. BOX 10227
VAN NUYS, CALIFORNIA, 91410

By Certified Mail# _7010  0290  0001 1678 1333_

```
                           MEADOW MESA STATION
                           4804 CAMINO AL NORTE
                         NORTH LAS VEGAS, NV 89031-9998

06/0  2010                             11:07:06 AM

                            Sales Receipt
Product              Sale    Unit      Final
Description          Qty     Price     Price

VAN NUYS, CA  91410                      $.68
Zone-3 First Class Mail®
Large Envelope
0 lb  1.00 oz.
* Expected delivery Monday, June
Certified Mail™                          $
Return Receipt (U.S. Mail)               $
                                       ======
Issue Postage:                           $

Total:                                ----------
                                         $5

Paid by:
DebitCard                                $5
Account #:       XXXXXXXXXXXX0425
Approval #:      1   5
Transaction #    00
13-9021790  5-9
Receipt #        122556

Transaction #         5
SS# #            370204  550

Check on the del     status of
a Certified Mail     and visit
Track & Confirm website at
usps.com or use this Automated
tal Center™ (for any Automated
tal Center™ at other Postal
locations).

Please retain all receipts from
affix    forms. For inquiries, both
sales receipt and the customer
from the affixed form shall be
used.

              Thanks
it's a pleasure to serve you.

SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.
```

_Bank of America Home Loans_
_PO Box 10227_
_Van Nuys , CA  91410_

7010  0290  0001  1678  1333

**EXHIBIT C**

HomEloans

*Payoff Department, Mail Stop TX2-981-03-13*
*7105 Corporate Drive*
*Plano, TX 75024-4100*

| | **Statement Void After July 1, 2010** |

0000078-0000155 19027R

James L & Charlene E Potter
5721 Tropic Mist St
Las Vegas, NV 89130

Statement Date
June 22, 2010

**BAC Home Loans Servicing, LP**
**Loan No.:    103484653-3**

**Name & Property Address:**
James L & Charlene E Potter
5721 Tropic Mist Street
Las Vegas, NV  89130

(CPJMPAYOPT)

| | | |
|---|---|---|
| **PAYOFF** | Principal Balance as of 06/01/2010 | $431,939.83 |
| **CALCULATION** | Interest from 06/01/2010 to 07/01/2010 | 1,169.88 |
| | County Recording Fee | 14.00 |
| | Reconveyance Fee | 100.00 |
| | Mortgage Insurance Premium | 247.33 |
| **Total Amount Required to Release Lien (As of July 1, 2010)** | | **$433,471.04** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE JULY 1, 2010.*

## INTEREST CALCULATIONS

For all full month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365 day year.

**Adjustable rate mortgage loans may have more than one interest rate in effect during the period in which this demand statement applies. Amended demand statements are sent automatically if the total amount due increases before July 1, 2010.**

| Daily Interest¹ | From | To | Interest rate |
|---|---|---|---|
| 38.9945 | 06/02/2010 | 07/01/2010 | 3.2500 |

¹Daily Interest = Principal Balance x Interest Rate ÷ 365

## PAYOFF INSTRUCTIONS

Payoff funds must be made payable to **BAC Home Loans Servicing, LP** and will be accepted by **WIRE** or **CERTIFIED FUNDS ONLY**. They **MUST** reference the **BAC Home Loans Servicing, LP loan number, property address** and **borrower's name** in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 4:00 p.m. Central Time may be posted the following business day.

**Wire Funds to:**
Beneficiary Bank: Bank of America
ABA Routing #: 0260-0959-3
Beneficiary Acct Name: MRC
MRC Account #12356-19173
Reference: James L & Charlene E Potter
Loan Number: 103484653-3

**Mail CERTIFIED Funds to:**
BAC Home Loans Servicing, LP
Attention: Payoff Department, Mail Stop TX2-981-03-13
7105 Corporate Drive
Plano, TX 75024-4100

**PLEASE DO NOT SEND CERTIFIED FUNDS TO THE WIRE FUNDS INSTRUCTIONS ABOVE AS CERTIFIED FUNDS MUST BE PROCESSED IN OUR PAYOFF DEPARTMENT.**

**EXHIBIT D**

7009 0960 0000 7002 0277

In care of:   Cynthia L. Castellanos, NOTARY
For: JAMES L. & CHARLENE E. POTTER
3316 Mastecraft Ave, N. Las Vegas, NV 89031

Certified Mail # 7009 0960 0000 7002 0277
Return Receipt Requested
July 1 , 2010

To:   BANK OF AMERICA HOME LOANS
BARBARA DESOER - PRESIDENT
P.O. BOX 10227
VAN NUYS, CALIFORNIA, 91410

Re: BANK OF AMERICA HOME LOANS vs. JAMES L. & CHARLENE E. POTTER;
Account no. 103484653; my Conditional Acceptance of Your Offer charging me $433,471.04
and the Terms of Contract.

## REPLY TO LENDER
### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

Gentlemen:

As acceptor of your offer to collect a payoff demand, I have the right to dictate terms
(especially those protections I have under the law).

This letter will serve as notice as my **acceptance of your offer/claim upon presentment of the
original unaltered note (wet ink signature) or contract**. This is the first requirement under the
terms of this self executing agreement. As you know, upon payment, **I am entitled to the
original note (wet ink signature) so that it may not be re-presented by another alleged
"debt collector."** In recent cases brought by various banks, the courts have thrown out the
complaints for failure by said banks to bring forward the Note (wet ink signature) to prove up
their claims. Consider the article by Bob Ivry of Bloomburg.com from which this short quote is
taken:

> U.S. District Judge David D. Dowd Jr in Ohio's northern district chastised CHASE Bank National Trust
> Co. and Argent Mortgage Securities Inc. in October for what he called their "cavalier approach" and "take
> my word for it" attitude toward proving ownership of the mortgage note (wet ink signature) in a foreclosure
> case.

> John Gallagher, a spokesman for Frankfurt-based CHASE Bank AG said the bank had no comment.

> Federal District Judge Christopher Boyko dismissed 14 foreclosure cases in Cleveland in November **due to
> the inability of the trustee and the servicer to prove ownership of the mortgages.**

> Similar cases were dismissed during the past year by judges in Nevada, Massachusetts, Kansas and New
> York.

The judges in these cases know that to convene a court or award judgment *without any basis whatsoever* is not only a breach of their oath to be impartial, but conspiracy to defraud.

If you were to accept my payment of $433,471.04 plus costs and fees and should fail to produce the original note (wet ink signature) or contract, then you would necessarily agree that LENDER's (hereinafter LENDER/AGENTS) claim and your claim were frauds, without any basis whatsoever. That would make your demand letter (attached) a **counterfeit security**. It would also mean you were engaged in a commercial trespass; therefore injuring me.

Therefore: I will accept your offer and tender full payment to be held in escrow by Cynthia L. Castellanos a third party NOTARY PUBLIC (address above). In return you will agree to have you, LENDER/AGENTS immediately produce the original note (wet ink signature) which it claims to be holding and to which I am entitled upon payment.

If LENDER/AGENT actually has the note (wet ink signature) (the basis of their claim) then my tender of payment through the above named escrow agent charged with accepting said note (wet ink signature) and authenticating LENDER/AGENT's claim should not pose a problem for you or your client.

Therefore, you agree that once the notary/escrow agent is in receipt of my tender of payment in the amount of $433,471.04, if you/LENDER/AGENT should fail to immediately produce the original note (wet ink signature) or contract, you agree to immediately release your claim for $433,471.04 due to your fraud. Moreover, you also agree to immediately pay me triple damages: That would be three times the original amount tendered. So, if I tender $433,471.04 and you fail to produce the note (wet ink signature) and/or fail to collect said tender within **(15) fifteen days** of your receipt of notice from the Escrow Agent, or if you attempt to collect but fail to produce the original note (wet ink signature) or contract, you agree to immediately pay me $1,300,413.12. Should you fail to immediately pay me $1,300,413.12 you agree to grant me Power of Attorney to handle this business for BANK OF AMERICA HOME LOANS and its senior officers as well as granting me a lien against all property held by you and the senior officers of BANK OF AMERICA HOME LOANS. You agree that I may collect by selling off your property without your protest and without further notice to you.

**To insure that this agreement is fully binding:** upon receipt of this agreement, (realizing that LENDER/AGENTS may not have the original note (wet ink signature)) **you have (10) TEN days after receiving this notice to withdraw your claim** by noticing the notary, at the above mailing location, that the claim of LENDER/AGENT is null and void and that LENDER/AGENT's claim is withdrawn. Should you fail to withdraw the claim, having had notice and opportunity, you agree to be bound by the terms of this **self executing agreement**; agree not to proceed with any late payment claims or negative credit reporting, foreclosure, or court case, as I have made known my intent to tender full payment or else will have already tendered payment, and you agree to accept said settlement as explained above. I will then make arrangements to deliver full settlement in the amount of 433,471.04 to the Escrow Agent as described above, under notary seal. However, this tendered payment will be immediately withdrawn, upon your default/failure to withdraw any LENDER/AGENT's claim and/or your claim, at the end of the **(15) fifteen days** after your receipt of this notice.

You and the senior partners of BANK OF AMERICA HOME LOANS, as well as the President of LENDER/AGENT agree to be appointed fiduciaries with the **mandatory duty** to settle the claim upon my tender of payment to the escrow agent and to immediately produce the original note (wet ink signature) or contract. Upon receipt of this agreement, please immediately produce **your public hazard bond**s, so that I may enforce my claim upon your failure to produce the original note (wet ink signature) as required under the law.

The notified LENDER/AGENT agrees that a non-response or incomplete response, which shall be deemed a non-response, would grant the original Grantor/Trustor, JAMES L.& CHARLENE E. POTTER the right to act as or to appoint an agent of the bank for removal of current power of attorney and subsequent appointment of successor trustee for the purposes of filing a Full Reconveyance of the original Deed of Trust or filing a Satisfaction of Mortgage/ Release of Lien of the original Mortgage instrument, thus finalizing the lender's claim as satisfied in full.

**AUTHORIZATION TO RELEASE LOAN INFORMATION:** I hereby authorize you to release and all loan information requested to Cynthia L. Castellanos a third party NOTARY PUBLIC.

Sincerely yours,

JAMES L. & CHARLENE E. POTTER,
*real party in interest*
Injured Party, Acceptor of Your Offer

## ASSEVERATION OF MAILING

I, *Charlene E. Potter* do hereby solemnly declare, that on *July 1,* 2010, I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below:

Witness Signature _____

If witness is a NOTARY:
Commission expires _____, 2010

Cynthia L. Castellanos, Notary Public,
3316 Mastecraft Ave,
N. Las Vegas, NV 89031

**Re: BANK OF AMERICA HOME LOANS vs. JAMES L. &**
**Account no. 103484653; my Conditional Acceptance of Yo**
**$433,471.04 and the Terms of Contract.**

Copy to:
BANK OF AMERICA HOME LOANS
BARBARA DESOER - PRESIDENT
P.O. BOX 10227
VAN NUYS, CALIFORNIA, 91410

By Certified mail# *7009 0960 0000 7002 0277*

Note: Notary Public CYNTHIA L. CASTELLANOS is not an attorney licensed to practice advice or accepted fees for legal advice; provided no assistance in the preparation of the abov issue referenced therein. Cynthia L. Castellanos is NOT a party to this action and is ONl comm

*7009 0960 0000 7002 0277*

*BAnk of America*
*P.O. Box 10227*
*Van Nuys CA 91410*

---

```
=======      UROLE        ===
        6210 N JONES BLVD
        LAS VEGAS, NV 89130-4001

07/01/2010                08:20:46 PM
==================================

             Sales Receipt
Product        Sale   Unit    Final
Description     Qty   Price   Price

VAN NUYS, CA  91410              $4.95
Zone-3 Priority Mail®
  0 lb. 1.40 oz.
  * Expected delivery Tuesday, July 6.
  Certified Mail™             $2.80
  Return Receipt (U.S. Mail)  $2.30
                             ========
Issue Postage:                $10.05

Total:                      ==========
                              $10.05

Paid by:
DebitCard                      $10.0°
  Account #:     XXXXXXXXXXXX0425
  Approval #:    172416
  Transaction #: 509
  23-902170083-99
  Receipt #:     141369

APC Transaction #:       115
USPS® #           314885-9562

To check on the delivery status of
 ur Certified Mail™ article, visit
 r Track & Confirm website at
 w.usps.com or use this Automated
 stal Center™ (or any Automated
 stal Center™ at other Postal
 cations).

 ease retai  all receipts from
 fixed forms. For inquiries, both
 e sales receipt and the customer
 py from the affixed form shall be
  quired.

             Thanks.
   It's a pleasure to serve you.

ALL SA                      SIAGE.
REFUND                      ONLY.
```

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

2. Article Number
   *(Transfer from service label)*

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

**EXHIBIT E**

In care of:    Cynthia L. Castellanos,
3316 Mastercraft Ave, N. Las Vegas, NV 89031
Notary Public  For: JAMES L. & CHARLENE E. POTTER

Certified Mail # *7009 0960 0000 7002 0284*
Return Receipt Requested
___July 12___, 2010

To:    BANK OF AMERICA HOME LOANS
       BARBARA DESOER - PRESIDENT
       P.O. BOX 10227
       VAN NUYS, CALIFORNIA, 91410
       (hereafter referred to as LENDER)

Re: Funds in the amount of $433,471.04  held in Escrow for BANK OF AMERICA HOME
LOANS to settle Account No. 103484653; Original Note (wet ink signature) Requested and
Required for Release of funds; Funds Available until ___July 22___, 2010.

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent**

Dear BARBARA DESOER - PRESIDENT:

        At the request of JAMES L. & CHARLENE E. POTTER, I am in receipt, **as Escrow
Agent**, of "legal tender funds" in the amount of $433,471.04 to be paid to BANK OF AMERICA
HOME LOANS upon production of the original (wet ink signature) promissory note held by you as
collateral on loan number 103484653.

At your earliest convenience, please collect the funds **by tendering the original note (wet ink
signature) to me** by___July 22___, 2010.  JAMES L. & CHARLENE E. POTTER
requires this so that the note (wet ink signature) may not be represented for collection. Upon
receipt of the original note (wet ink signature), I will forward full payment of $433,471.04  now
held in escrow to you or the agent you designate to receive funds. I am also available to
personally exchange funds for the instrument. Contact me as soon as possible to schedule a
meeting. JAMES L. & CHARLENE E. POTTER will require that I return his payment to them
on ___July 22___, 2010, so please do not delay. Should LENDER/AGENT default, on
___July 22___, 2010, I will issue an Affidavit of Non Response.

**I am not a party** to any dealings between LENDER/AGENT and JAMES L. & CHARLENE E.
POTTER, and am merely acting as an Escrow Agent (a neutral third party who ensures that all
conditions of a transaction are met) to tender to you the funds during the time allotted. It is my
responsibility to report either a successful exchange with, or a non-response by,
LENDER/AGENTS.

Sincerely yours,

Cynthia L. Castellanos, Escrow/Notary
cc: JAMES L. & CHARLENE E. POTTER

## ASSEVERATION OF MAILING

I, _Charlene Potter_____ do hereby solemnly declare, that on
_July 12_____ 2010, I did cause to be delivered by Express private
courier and/or First Class Certified US Mail, a true and correct copy of the foregoing
instrument, including true and correct copies of all/any documents referenced therein as
"attached hereto", to the parties and locations listed below:

Witness Signature _____

**Re: Funds in the amount of $433,471.04 held in Escrow for BANK OF AMERICA HOME
LOANS; to settle Account No. 103484653; Original Note (wet ink signature) Requested and
Required for Release of funds; Funds Available until _July 22_, 2010.**

Copy to:
**BANK OF AMERICAN HOME LOANS
BARBARA DESOER - PRESIDENT
P.O. BOX 10227
VAN NUYS, CALIFORNIA, 91410**

By Certified mail# _7009 0960 0000 7002 028_

Note: Notary Public CYNTHIA L. CASTELLANOS is not an attorney licens
advice or accepted fees for legal advice; provided no assistance in the preparati
issue referenced therein. Cynthia L. Castellanos is NOT a party to this acti
communications between the parties.

7009 0960 0000 7002 0284

_Bank of America
P.O. Box 10227
Van Nuys , CA 91410_

```
CROSSROADS STATION
6210 N JONES BLVD
LAS VEGAS, NV 89130-4061

07/12/2010                    07:22:04 PM

                    Sales Receipt
Product         Sale    Unit      Final
Description      Qty    Price      Price

VAN NUYS, CA  91410                  $4.95
Zone 3 Priority Mail
 0 lb. 1.00 oz.
 * Expected delivery Thursday, July
 15.
 Certified Mail               $2
 Return Receipt (U.S. Mail)   $2

Issue Postage:                     $10.

Tota:                              $10.0

 Paid by:
 Card                        $10.0
 Account #       XXXXXXXXXXXXX0418
 Approval #           484025
 Transaction #.      187
 23-90317308L-99
 Receipt #:          14205

 Transaction #.          202
 USPS #               31-09 9562

 Check on its delivery statu of
 in Certified Mail article  visit
 Track & Confirm website at
 www.usps.com or use this Automated
 stal Center (in any Automated
 stal Center at other postal
 ations)

 ease retain all receipts from
 fixed forms. For inquiries, both
 sales re  t and the customer
 copy from  fixed form shall be
 required.

            Thanks
```

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America Home Loans
Brokers Disbr - Redmont
P.O. Box 10227
Van Nuys, CA 91410

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered         ☒ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7010 0780 0000 7002 0954

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-4-1540

**EXHIBIT F**

## AFFIDAVIT –
## COMMERCIAL OATH AND VERIFICATION
### and Final Notice of Default

The State of  Nevada                )

County of  Clark                )          **Commercial Oath and Verification**

Cynthia L. Castellanos, Notary Public, acting as a neutral third party Escrow Agent under his Commercial Oath with unlimited liability, proceeding in good faith being of sound mind states that the facts contained herein are true, correct, complete and not misleading to the best of his private firsthand knowledge and belief under penalty of International Commercial Law.

**RE: Lender Account# 103484653          PERSONALLY HAND DELIVERED ON:** 8/3/2010

1. I have seen the evidence shows that the Respondent, BARBARA DESOER – PRESIDENT of BANK OF AMERICA HOME LOANS  (hereafter referred to as LENDER/AGENTS) named in JAMES L. & CHARLENE E. POTTER's administrative remedy "Conditional Acceptance of Your Offer and Complaint charging me $433,472.04  (with fees and costs) and the Terms of Contract" was duly served by Certified Mail on or before  July 6, 2010.  With notice to collect the funds held in Escrow and to produce the original promissory note (wet ink signature) held by LENDER/AGENTS was duly served by certified mail on or before July 16, 2010.

2. That **10** calendar days for LENDER/AGENTS to withdraw the complaint, claim, and/or demand for payment, and refuse JAMES L. & CHARLENE E. POTTER's self-executing contract expired on July 16, 2010.

3. That **15** calendar days to collect the $433,472.04  and produce the original note (wet ink signature) held by LENDER/AGENTS concluded on July 22, 2010.

4. That the NOTICE OF FAULT was received on or about July 22, 2010 and 3 day OPPORTUNITY TO CURE commenced on  July 19, 2010.

5. That the 3 days to cure concluded on July 22, 2010 with 3 days allowed for mailing.

6. That the 3 days for mailing commenced on July 19, 2010 and concluded July 22, 2010.

7. That no response to any of the above notices is evidenced by U.S. MAIL and any other private carrier.

8. That the Respondent, BARBARA DESOER - PRESIDENT- CEO of LENDER/AGENTS is **now in DEFAULT** without recourse and is found in agreement and harmony with the Declarant, JAMES L. & CHARLENE E. POTTER, in his "Conditional Acceptance of Your Offer and Complaint charging me $433,471.04 (with fees and costs) and the Terms of Contract." Which terms instructed me to hold $433,471.04  in legal tender funds for collection by LENDER/AGENTS upon production of the original note (wet ink signature) held by LENDER/AGENTS.

9. That LENDER/AGENT have been notified and agreed, by their silence, to Treble Damages separately and equally totaling $1,300,413.12. Delivery of this document shall act as the bill for these agreed Treble damages.

10. It was further established, that **Non-response or incomplete response** would grant the original Grantor/Trustor JAMES L. & CHARLENE E. POTTER, the right to act as or appoint an agent of the bank for removal of current power of attorney and subsequent appointment of successor trustee, for the purposes of filing a Full Reconveyance of the original Deed of Trust or Mortgage instrument, thus finalizing the LENDER/AGENT's claim as satisfied in full.

**COPY TO: All Lenders and Agents – Additional copies may
also be sent to other interested parties not specifically listed above,
and will serve as equal notice when delivered by confirmed delivery**

## AFFIDAVIT - COMMERCIAL OATH AND VERIFICATION

NOTARY and Escrow Agent further sayeth naught.

SUBSCRIBED AND SWORN       x _____

Cynthia L. Castellanos
NOTARY, Acting Escrow Agent

**NOTARY WITNESS ABOVE SIGNATURE**

State of _NEVADA_                    County of _CLARK_

Subscribed and sworn to (or affirmed) before me on this 3rd day of _August_ , 2010, by _Cynthia L. Castellanos_ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (seal)

Commission expires _April 13_ , 20_14_

DIANA M. WEST
Notary Public, State of Nevada
Appointment No. 94-3785-1
My Appt. Expires Apr 13, 2014

ORIGINAL to:  JAMES L. & CHARLENE E. POTTER
COPES TO: lenders, servicers, trustee, and agents

## ASSEVERATION OF MAILING

I, _Charlene Potter_ do hereby solemnly declare, that on _Aug 4_, 2010, I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all/any documents referenced therein as "attached hereto", to the parties and locations listed below:

Witness Signature _____

If witness is a NOTARY:

Commission expires _N/A_, 2010
Cynthia L. Castellanos, Notary Public,
3316 Mastecraft Ave, N. Las Vegas, NV 89031

### Re: AFFIDAVIT - COMMERCIAL OATH AND VERIFICATION and Final Notice of Default

Copy to:
BANK OF AMERICA HOME LOANS
BARBARA DESOER - PRESIDENT
P.O. BOX 10227
VAN NUYS, CALIFORNIA, 91410

By Certified mail# _7009 0960 0000 7002 0291_

**Note:** Notary Public CYNTHIA L. CASTELLANOS is not an attorney licensed to practice law in the state of Nevada and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. Cynthia L. Castellanos is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.

7009 0960 0000 7002 0291

BANK OF AMERICA HOME LOANS
PO BOX 10227
Van Nuys, CA 91410

_ORiginal in Cynthia's Envelope_

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**EXHIBIT G**

In care of: Cynthia Castellanos, Notary Public      Date:  August 12, 2010
For: JAMES L. & CHARLENE E. POTTER
c/o 3316 Mastecraft Ave, N. Las Vegas, NV 89031

**TO:**    BANK OF AMERICA HOME LOANS      7009  0960  0000  7002  0307
       BARBARA J. DESOER - PRESIDENT
       P.O. BOX 10227
       VAN NUYS, CALIFORNIA, 91410

       NEVADA TITLE COMPANY        7009  0960  0000  7002  0314
       JEFFREY T. HARRIS -  PRESIDENT
       10000 W. CHARLESTON BLVD #180
       LAS VEGAS, NEVADA, 89135

       BANK OF NEW YORK        7009  0960  0000  7002  0321
       101 BARCLAY ST 4W
       NEW YORK, NY 10286

       MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
       PO BOX 2026        7010  0290  0001  1672  6037
       FLINT, MI 48501-2026

       DOUGLAS C. GILLESPIE
       400 E. STEWART AVE
       LAS VEGAS, NEVADA, 89101

**Re:**    Original Loan # **103484653**
       Commonly Known Address: 5721 TROPIC MIST ST, LAS VEGAS, NEVADA, 89130

       Deed of Trust Record: #T2005013895  Record Date AUGUST 1, 2005

### Notice of Right to Cancel - TILA
Notice to Agent is Notice to Principal    Notice to Principal is Notice to Agent

**Parties: JAMES L. & CHARLENE E. POTTER** (Alleged Borrower(s) hereinafter **Borrower(s)**) –
and, LENDERS

Attention: BANK OF AMERICA HOME LOANS BARBARA J. DESOER – PRESIDENT; BANK OF
NEW YORK, MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NEVADA TITLE
COMPANY - JEFFREY T. HARRIS, PRESIDENT; DOUGLAS C. GILLESPIE and each and every un-
named Sheriff's Deputy, regardless of rank.

This communication will serve as my _**Notice of Right to Cancel**_ dated August 10, 2010. TILA (Truth in
Lending Act, 15 USC §1601 et seq; 12 CFR Part 226) allows three (3) days to review Disclosure
Documents. However, the referenced 'Three Day Right to Cancel' must have a trigger to begin. That
trigger, is when the LENDER/AGENT has provided the Borrower with ALL of the required Disclosures

under TILA, and that the same are true, complete, accurate, and timely provided.  It is our belief ALL disclosures were not accurately or clearly made.

Being as the entire purported loan/mortgage process and Deed of Trust referenced herein and throughout, was clearly obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right, and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the US Supreme Court has declared: *"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."* (United States v. Throckmorton, 98 U.S. 61). In a case of fraud or incomplete disclosure, the right to cancel may not even apply, since fraud cancels contracts anyway.

To this date, LENDER has never provided Borrower with true, complete, accurate or timely documents as required. ONLY AFTER such provision has been done, can the '3 DAY RIGHT TO CANCEL' period begin. If the required full Disclosure(s) have not been provided, then the period in which to Cancel is extended for up to three (3) years, OR until LENDER/AGENT moves to foreclose.

The records thus far evidence that **JAMES L. & CHARLENE E. POTTER** has paid to Escrow Agent the sum of $433,471.04 for collection by BANK OF AMERICA HOME LOANS, upon receipt by Escrow Agent of the original note (wet ink signature) claimed to be held by BANK OF AMERICA HOME LOANS, that, after notice and opportunity BANK OF AMERICA HOME LOANS, **failed to bring forward said note (wet ink signature) and failed to collect tendered payment.** Under the now executed terms of that certain self executing contract (attached), BANK OF AMERICA HOME LOANS, and all parties agreed that BANK OF AMERICA HOME LOANS, did not have said note (wet ink signature); have brought a false claim and have therefore agreed to pay to **JAMES L. & CHARLENE E. POTTER** treble damages. BANK OF AMERICA HOME LOANS, have agreed under UCC 3-603, that their refusal of tender of payment is full settlement; that the alleged debt of $433,471.04 **is settled in full**. Therefore **JAMES L. & CHARLENE E. POTTER** has requested to cancel within the stipulated three year time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal Law, the same of which have never been received. **JAMES L. & CHARLENE E. POTTER** has good cause to **rescind the alleged mortgage contract due to fraud** by BANK OF AMERICA HOME LOANS, as admitted by them due to their default under the terms of said self-executing contract. Since the agent for **JAMES L. & CHARLENE E. POTTER** has tendered payment to BANK OF AMERICA HOME LOANS, which tender of payment has been dishonored by BANK OF AMERICA HOME LOANS, therefore in accordance with UCC 3-603, the purported loan # 103484653 **is now settled in full**. In addition, a close perusal/audit of Borrower's mortgage documents has revealed certain Disclosure Violations; and, that the Borrower has the remedial right and remedy (UCC 1-201 (32) (34)), inter alia, to invoke his Right of Rescission (ROR) as further evidenced by the original NOTICE OF RIGHT TO CANCEL. You will also please find Borrower's signed and dated NOTICE to the LENDER/AGENT(s), Successor(s) and Beneficiary as stated on the NOTICE OF RIGHT TO CANCEL, if provided in the loan package. If such Notice was not provided, **this written Notice of communication is provided in lieu thereof**.

After sufficient **NOTICE** has been given to (alleged) **LENDER, the LENDER is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's home within twenty (20) days. The LENDER must also return any money, interest, fee, and/or property to Borrower, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.**

In accordance with both State and Federal law or until the LENDER/AGENT complies, Borrower may rebut the purported self-executing transaction. "It is should be impractical" or "unfair" for the Borrower to return

the property when gross discrepancies, fraud, or other wrongful acts are discovered - then he/she/they may offer its 'Reasonable Value'. In the event the LENDER/AGENT should fail or refuse to take possession of the property or return the borrower's money offer within twenty (20) days ... **Borrower may then regain/acquire all rights to clear title and re-conveyance** under Federal Law and provisions of TILA. The notified LENDER agrees that a non-response or incomplete response, which shall be deemed a non-response, would grant the original Grantor/Trustor **JAMES L. & CHARLENE E. POTTER** the right to act as or to appoint an agent of the bank for removal of current power of attorney and subsequent appointment of successor trustee for the purposes of filing a Full Reconveyance of the original Deed of Trust or filing a Satisfaction of Mortgage/ Release of Lien of the original Mortgage instrument, thus finalizing the LENDER's claim as satisfied in full.

**Additionally,** Borrower has the right to offer LENDER a Reasonable Value. **However,** the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damages .. . i.e., triple the amount of the interest the bank stood to fraudulently make off of the mortgage/loan transaction, which BANK OF AMERICA HOME LOANS, BARBARA J. DESOER – PRESIDENT, have agreed to pay. Therefore, the borrower hereby in good faith make the following offer: **Borrower will forgive** BANK OF AMERICA HOME LOANS, BARBARA J. DESOER – PRESIDENT; BANK OF NEW YORK, MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NEVADA TITLE COMPANY - JEFFREY T. HARRIS, PRESIDENT any liability incurred by its wrongful actions, provided  BANK OF AMERICA HOME LOANS, BARBARA J. DESOER – PRESIDENT; BANK OF NEW YORK,  MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NEVADA TITLE COMPANY - JEFFREY T. HARRIS, PRESIDENT rightfully acknowledge that Borrower has settled the full amount of the alleged mortgage by his tender of payment which you dishonored; **that you admit that no "loan" was ever made and that your claim is void due to your fraud.** In addition, Borrower makes the one time demand of $1,300,413.12 (treble damages) from **each party** for the loss, damage, and injury he has sustained as admitted by BANK OF AMERICA HOME LOANS; and, that BANK OF AMERICA HOME LOANS, BANK OF NEW YORK, MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and NEVADA TITLE COMPANY - JEFFREY T. HARRIS, PRESIDENT, also remove all/any negative comments on Borrower's credit report attributed to this transaction.

Any default, failures, or non-compliance on the LENDER's part to perform as herein directed within twenty (20) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein and throughout.

Sincerely,

_James L. Potter_   _Charlene E. Potter_          _Aug  13_   2010
JAMES L. & CHARLENE E. POTTER

NOTARY WITTNESS – IF MAILING DIRECT

State of __Nevada__                County of __Clark__

Subscribed and sworn to (or affirmed) before me on this 13th day of __August__, 2010, by __James L. Potter & Charlene E. Potter__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (seal)
Commission expires __11/21/2013__

CYNTHIA L. CASTELLANOS
Notary Public, State of Nevada
Appointment No. 09-11355-1
My Appt. Expires Nov 21, 2013

# ASSEVERATION OF MAILING

I, _Charlene Potter_ do hereby solemnly declare, that on _August 16_ 2010, I did cause to be delivered by Express private courier and/or First Class Certified US Mail, a true and correct copy of the foregoing instrument, including true and correct copies of all~~any~~ documents referenced therein as "attached hereto", to the parties and locations liste⸱

Witness Signature _____

If witness is a NOTARY:
Commission expires _____ 20___
Cynthia L. Castellanos, Notary Public,
3316 Mastecraft Ave,  N. Las Vegas, NV 89031

**RE: Notice of Right to Cancel**

Copy to:

BANK OF AMERICA HOME LOANS
BARBARA J.DESOER - PRESIDENT
P.O. BOX 10227
VAN NUYS, CALIFORNIA, 91410
By Certified mail# _7009 0960 0000 7002 030_

*Bank of America Home Loans*
*P O Box 10227*
*Van Nuys , CA  91410*

BANK OF NEW YORK
101 BARCLAY ST 4W
NEW YORK, NY 10286
By Certified mail# _7009 0960 0000 7002 0:_

*Bank of New York*
*101 Barclay St  4W*
*New York, NY  10286*

NEVADA TITLE COMPANY - JEFFREY T. HARR⸱
10000 W. CHARLESTON BLVD #180
LAS VEGAS, NEVADA, 89135
By Certified mail# _7009 0960 0000 7002 0314_

MORTAGE ELECTRONIC REGISTRATION SYST⸱
PO BOX 2026
FLINT, MI 48501-2026
By Certified mail# _7010 0290 0001 1672 60:_

*Nevada Title Co  Jeffrey Harris -President*
*10000 W Charleston Blvd #180*
*Las Vegas  NV 89135*

DOUGLAS C. GILLESPIE
400 E. STEWART AVE
LAS VEGAS, NEVADA, 89101

**Note:** Notary Public CYNTHIA L. CASTELLANOS is not an attorney ⸱ legal advice or accepted fees for legal advice; provided no assistance in th⸱

*Mortgage Electric Registration Systems Inc*
*P. O. Box 2026*
*~~Flin~~ Flint, MI  48501-2026*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   FAUSTINO ITZEP   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Bank of America Home Loans
Barbara J. Desoer -President
P.O. Box 10077
Van Nuys, CA 91410

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 0160 0000 7003 0307

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

Bank of New York
101 Barclay St 4W
New York, NY 10286

If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☒ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form   02595-02-M-1540

---

Nevada Title Company
Jeffrey T. Harris -President
1000 E. Charleston Blvd #180
Las Vegas, NV 89135

3. Service Type
☒ Certified Mail   ☐ Express Mail
☒ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 0160 0000 7003 0314

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Mortgage Electric Reg. Systems Inc
P.O. Box 2026
Flint, MI 48501-2026

3. Service Type
☒ Certified Mail   ☐ Express Mail
☒ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 0290 0001 1672 6637

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540