ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:     (702) 634-5000
Facsimile:      (702) 380-8572
Email: ariel.stern@akerman.com
Email: christine.parvan@akerman.com

*Attorneys for Defendant*
*BAC Home Loans Servicing, LP,*
*improperly named as Bank of America*
*Home Loans*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES L. POTTER and CHARLENE E. POTTER,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, and MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS)<br><br>Defendant. | Case No.: 2:10-cv-02095-GMN-LRL<br><br>**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

Defendants BAC Home Loans Servicing, LP (as named and also improperly named as Bank of America Home Loans), Bank of America, N.A., and MERS ("Defendants") hereby oppose the Motion for Summary Judgment filed by Plaintiffs James and Charlene Potter ("Plaintiffs"). This opposition is based on the papers and pleadings on file herein, the accompanying memorandum of points and authorities, and any argument that the court may entertain at the hearing of Plaintiffs' motion.

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff borrowers entered into loan agreement and promised to repay the money they borrowed, yet seek through litigation to avoid their payment obligations. Plaintiffs allege that Defendants were "paid in full when [they] sold the loan involved to others…[and are] owed nothing because they have been paid in full…" *See* Amended Complaint at 2:1-2. Despite Plaintiffs' allegations that Defendants were "paid in full when [they] sold the loan…," they also curiously allege that Defendants failed to accept their "tender" of payment in full for the loan, and that this failure to accept constituted Defendants' agreement to Plaintiffs' purported cancellation of the loan. *See* Amend. Compl. at 7:27-8:7. Plaintiffs contend that they tendered payment for a residential mortgage loan in full through a series of documents allegedly delivered to Defendants. This contention is false. Plaintiffs have not delivered an original, valid payment instrument to Defendants. The documents at issue in this case are fraudulent documents without any legal validity.

### II.

### BACKGROUND FACTS

On July 25, 2005, Prado Mortgage (Prado) loaned Plaintiffs $424,000.00 ("the loan") to purchase the property located at 5721 Tropic Mist Street, Las Vegas, Nevada 89130, Parcel #125-25-414-004 ("the property"). On August 1, 2005, the loan was secured by a deed of trust on the property recorded in the Clark County Recorder's Office. Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee for Quicken and was the nominal beneficiary under the deed of trust. Nevada Title Company was the trustee.[1] BAC services the loan (Account Number 103484653).

Plaintiffs are current on their mortgage payments as of the date of the filing of this Opposition and there are no scheduled foreclosure proceedings. Plaintiffs have demonstrated that

---

[1] It appears that Plaintiffs subsequently entered into at least two (2) additional line of credit agreements, secured by additional deeds of trust, with Wells Fargo which are not at issue.

{LV016879;1}  2

1 they can afford to pay their mortgage and are current on payments, yet bring suit to avoid their
2 payment obligations. However, although Plaintiffs are current on their mortgage payments, they still
3 fail to state a claim upon which relief can be granted.

4     Plaintiffs allege they paid off the loan in full by tendering copies of documents, without any
5 actual payment, to Defendants. Amend. Compl. at 7:27-8:7. The series of documents at issue in this
6 case are fraudulent documents without any legal validity. Plaintiffs' alleged "tender" of payment is
7 not merely insufficient, but nonexistent.

8     Plaintiffs' motion for summary judgment should be denied because Plaintiffs have failed to
9 include any relevant facts or supporting evidence, and only rely on conclusory allegations that form
10 the basis of their previously-filed pleadings.

## III.
## LEGAL ARGUMENT

### A. Applicable Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn there from, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact and the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "'[A] material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.'" *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986) (quoting *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1306 (9th Cir. 1982)). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving

{LV016879;1}      3

party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978); see also *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free... to grant summary judgment."). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### B. Plaintiffs Fail to Establish Any Facts in Support of Summary Judgment

Plaintiffs' Motion is merely a recitation of conclusory allegations and citations to irrelevant and dissimilar cases contained in their previous filings (*see e.g.* Amended Complaint and Plaintiffs' Opposition to Defendants' Motion to Dismiss). Plaintiffs have failed to include any evidence in support of their Motion for Summary Judgment, thereby precluding entry of same in their favor. Summary judgment is appropriate only when the facts are developed and not in dispute. Merely alleging vague conclusions, i.e. that "[d]efendants cannot show ownership of the alleged Mortgage Loan" (Motion, 3:23-24) without absolutely any factual or other evidence in support of this claim, does not meet the standard required to grant a Motion for Summary Judgment. The "evidence" Plaintiffs rely on is a set of fraudulent documents without any legal validity or worth. Plaintiffs have not included any facts and evidence to show that they are entitled to judgment as a matter of law.

Further, even if this Court were to take all of Plaintiffs' allegations as true, the Complaint still fails as a matter of law for the reasons stated in Defendants' pending Motion to Dismiss, which are briefly summarized below.

///

C. **Plaintiffs' Securitization Argument is Meritless**

Plaintiffs claim that Prado sold the subject loan to Countrywide and that "Plaintiffs can prove beyond any doubt that the securitization process is one of the reasons that Defendants... cannot prove they are Holders in Due Course..." Motion at 4:14-16 and 7:9-11. However, Plaintiffs have failed to cite to any actual evidence in support of this contention. Further, Plaintiffs' claims have been consistently rejected by courts. Securitization of a loan does not diminish the underlying power of sale that can be exercised upon the trustor's breach. *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009) (argument that power of sale is lost upon sale to a loan pool is "unsupported and incorrect"); *Benham v. Aurora Loan Services LLC*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D.Cal. Sept. 1, 2009) (same); *see also Ritter v. Countrywide Home Loans, Inc.*, No. 2:10-cv-624, 2010 WL 2342535, at *1-2 (D.Nev. June 4, 2010) (argument that plaintiffs did not know owner of loan due to securitization did not entitle plaintiffs to a temporary restraining order). Plaintiffs' theory that securitization of their loan provides a basis for a claim invalidating the loan or Defendants' rights to service the loan remains meritless and should be rejected.

D. **Plaintiffs Have Failed to Establish Any Fraud by Defendants**

Plaintiffs claim that "fraud in the factum is evident when the paramount issue of this case is Holder in Due Course." Motion at 7:14-15. Plaintiffs fail to cite any facts or evidence in support of their claim that Defendants' actions constitute fraud. In fact, it is unclear exactly which of Defendants' actions constitute the alleged "fraud." Plaintiffs have failed to establish any facts or evidence in order to meet the burden required to grant their Motion for Summary Judgment. Simply alleging generic "fraud," without any evidence in support of same, falls far short of the standard requiring that they establish that no genuine issue of material facts exists.

E. **Moving Defendants' Need Not Produce the Original Note**

1. *Plaintiffs' "Securitization" Argument is Meritless*

As discussed above, Plaintiffs' claim that Defendants have been paid in full for the note because the note was "sold" has been consistently rejected. Securitization of a loan does not

diminish the underlying power of sale that can be exercised upon the trustor's breach. *See Hafiz* (N.D.Cal. 2009). Plaintiffs' claim should be rejected.

### 2. *Moving Defendants Have No Duty To Produce The Original Note*

Plaintiffs assert that Defendants have no claim to the payments due on the loan because they failed to produce the original note. *See* Amend. Compl. at 8:7-9. As "support" Plaintiffs assert that "Landmark cases have proven that mortgage banks must prove ownership with original documents instead of mere copies." Motion at 7:21-23. It is unclear which Supreme Court cases Plaintiffs reference, but the U.S. District Court case Plaintiffs cite stems from a *bankruptcy* decision holding MERS lacked standing to initiate a motion for relief from the automatic stay. (Motion, 2:6-11, citing *Mortgage Electronic Registration Systems v. Lisa Marie Chong, Lenard E. Schwartzer, Bankruptcy Trustee, et al.*, Case No. 2:09-CV-0661-KJD-LRL (2009)). This case is inapposite because Plaintiffs' lawsuit does not challenge actions taken in bankruptcy court (where Rule 17 real-party-in-interest principles apply), and because Plaintiffs have not alleged that MERS sought to initiate the foreclosure. Another case Plaintiffs cite for this proposition, *Wells Fargo v. Reyes*, 867 N.Y.S.2d 21 (2008) (unpublished) (cited in Motion, 8:8-10), is an unpublished New York case where Plaintiff Wells Fargo filed an ex parte motion for service of a supplemental summons by publication upon Defendant Reyes and related relief in a mortgage foreclosure action. In *Reyes*, Defendant entered into a loan agreement with lender WMC, secured by a mortgage recorded by MERS, as nominee for WMC. MERS acted as mortgagee of record. Wells Fargo attempted to bring the subject action, but the Court, upon review of the recorded documents, found that MERS never assigned the subject mortgage to Wells Fargo or any other party. Thus the Court held that Wells Fargo lacked standing to bring suit. The *Reyes* case is not just dissimilar to the instant matter, but completely irrelevant. Here, Defendants have established that MERS was the nominal beneficiary under the deed of trust. Defendants' Motion to Dismiss, 3:2-3.

Defendants have no duty to produce the original note, and such production is not necessary to establish their right to enforce the terms of the loan. *See Dinsmore-Thomas* at 4 (C.D.Cal. 2009) ("the Court cannot see how Defendant is required to return the original note to Plaintiff in lieu of a copy of the note"). This Court has passed on this theory many times – and repeatedly rejected it.

Plaintiffs' theory that Defendants waive all their rights or somehow finalize "the Lender's claim as satisfied in full" because they did not produce "the original wet ink contract" is meritless, and insufficient to support summary judgment in Plaintiffs' favor.

## IV.
## CONCLUSION

Plaintiffs have failed to meet the stringent burden required to grant summary judgment in their favor. They have failed to present any facts or evidence in support of any of their claims. Even if this Court takes all of the allegations contained in Plaintiffs Complaint and Motion as true, all of Plaintiff's claims still fail as a matter of law, as established in Defendants' Motion to Dismiss.

For these reasons, Defendants respectfully request that the court deny Plaintiffs' Motion for Summary Judgment in its entirety.

DATED this 22nd day of February, 2011.

**AKERMAN SENTERFITT LLP**

/s/ Christine M. Parvan
ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*Bank of America, N.A., and MERS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 22nd day of February 2011 and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, postage prepaid (if necessary) to all parties listed on the U.S. District Court's CM/ECF system.

JAMES L. POTTER
CHARLENE E. POTTER
5721 Tropic Mist Street
Las Vegas, Nevada 89130

*Pro Se Plaintiffs*

/s/   Christine M. Parvan
An employee of AKERMAN SENTERFITT LLP

{LV016879;1}

8