James L. Potter and Charlene E. Potter
5721 Tropic Mist St.
Las Vegas, Nevada 89130
Telephone (702 ) 633-7092
Plaintiffs in Proper Person

UNITED STATES DISTRICT COURT
District of Nevada

JAMES L. POTTER and

CHARLENE E. POTTER

    PLAINTIFFS

    vs.

BANK OF AMERICA, N.A. and

BANK OF AMERICA HOME LOANS and

BAC HOME LOANS SERVICING LP and

MERS - Mortgage Electronic Registration

Services

    DEFENDANTS

Case No.: 2:10-cv-02095-GMN-LRL

REPLY TO DEFENDANT'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT

James L. Potter and Charlene E. Potter, Plaintiffs, in proper person, submit their Reply to Defendant's Opposition to Motion for Summary Judgment.

Plaintiffs ask this Honorable Court to take judicial notice of the fact that we appear without counsel, are not schooled in the law and legal procedures, and are not licensed to practice law. Therefore our pleadings must be read and construed liberally. Further Plaintiffs believe that this Court has a responsibility and legal duty to protect any and all of the Plaintiffs' Constitutional and statutory rights; specifically by the due process clause of the Fifth and Fourteenth Amendment thereto, which invokes the due process clauses of the Seventh, Fifth and Fourteenth Amendments to said Constitution upon the States and guarantees to all private citizens the freedom of private property and the separate and, distinct common law jurisdiction

1

of this Court, in accord with the rules of common law related to fiduciary duties.

## MEMORANDUM OF POINTS AND AUTHORITIES FACTS

## INTRODUCTION

Plaintiffs are not in default nor have breached their promise to repay the money they borrowed on the loan, yet Defendants continue to make statements and allegations that the Plaintiffs are  seeking through litigation to avoid their payment obligations. In the Motion filed with the Court it is evident that the Defendants cannot show ownership of the alleged Mortgage Loan and do not know the true status of the stated loan within  their institution.  The issue made by the Defendants that the Plaintiffs' are avoiding their payment obligation is false and irrelevant, because as of this date, March 9, 2011 the Plaintiffs' have evidence that they have never been in the rears in their payments and are current. The Plaintiffs' claim is, do the Defendants have a negotiatable instrument i.e. the original Note/ Mortgage Loan Documents proving they are owners of the mortgage loan, Holders in Due Course.  If the Defendants cannot produce the original Note/Mortgage Loan Documents the Plaintiffs' are led to believe that it was sold to others and thus the Defendants have no right to collect.  The Plaintiffs' want to prevent double paying this bank on the debt or pay the wrong party, and/or preventing the possible wrongful taking of the family home by a bank no longer having a right to foreclose on it.

The Defendants state the Plaintiffs' have not delivered an original, valid payment instrument to the Defendants.  In the Amended Complaint the Plaintiffs'  provided evidence that the Defendants were given the opportunity to receive full settlement in legal tender funds which were held in an Escrow account for the settlement of the Loan.  Defendants were given instructions to pick up funds held by the escrow agent in exchange for the original, unaltered (wet ink signature) note.  The Defendants were given notice and opportunity to settle the account, but instead the Defendants remained silent, declining to with draw and thereby agreed to be bound by the terms of the Contract.  Defendants were noticed that their failure therefore would be a violation of  U.C.C. 3-603 and refusal of tender of payment would be considered full settlement. Yet the Defendants continue to disregard this possible violation of a Federal Law.

## BACKGROUND FACTS

The Defendants falsely state that Plaintiffs' are bringing suit to avoid payment obligations. If this statement was true why have the Plaintiffs' remained current? This statement is just as fallacious as the statement the Defendants made in their Motion to Dismiss Amended Complaint, when they made the malicious statement pertaining to the Defendants being in default and published this false statement in a legal document which was submitted to the courts as a matter of public record. Once again the Defendants state something as a matter of public record where in fact they have no evidence to support such a claim thus making them liable to the Plaintiff's for potentially causing irreversible harm or injury to the Plaintiff's chances for future employment. The issue in this case is not if the Plaintiffs' can afford their payments, the paramount issue is who is the Holder in Due Course.

The Defendants continue to state that the Plaintiffs' have not delivered an original, valid payment instrument to the Defendants is without any legal validity. Yet, the Defendants produced a Demand Payoff Statement to an inquiry about what is owed on the Mortgage Loan. They outlined the terms, conditions and instructions but yet denied the right of the borrower to establish their own terms and conditions in response to this Demand. The evidence provided by the Plaintiffs' in the Motion for Summary Judgment proves that the Defendants were given the opportunity to receive full settlement in legal tender funds which were held in an Escrow account for the settlement of the Loan. Defendants were given instructions to pick up funds held by the Escrow Agent in exchange for the original, unaltered (wet ink signature) note. The Defendants were given notice and opportunity to settle the account, but instead the Defendants remained silent, without attempting to contact the Escrow Agent or inquiring about what form of tender was being held. In declining to withdraw, the Defendants thereby agreed to be bound by the terms established by the Plaintiffs'. "Under U.C.C. 3-603 refusal of tender of payment is full settlement".

The Defendants Opposition to Motion for Summary Judgment should be denied. The Defendants were given the opportunity to address specific requests from the Plaintiffs' under Federal law, however they chose to ignore and address only selected requests. Instead they sent the Plaintiffs' multiple copies of unrequested, unsigned and irrelevant documentation.

## LEGAL ARGUMENT

The suit filed with this Court is because Defendants cannot show ownership of the alleged Mortgage Loan. A Summary judgment in this case is appropriate because Defendants' through all of their responses prior to the filing of the lawsuit and subsequently throughout their responses and Motions to Dismiss have not provided any evidence supporting their claim to the Mortgage Loan in question. Defendants have not and cannot prove they are the owners and holders in due course of the Mortgage which is the paramount fundamental issue in this case. The Defendants only sent Copies of the Note and Deed of Trust, which were "unauthenticated". The material issue of fact is that the Defendants cannot prove their claim of ownership which support the legal argument for Plaintiffs' Motion for Summary Judgment.

### Facts in Support of Summary Judgment

Plaintiffs' Amended Complaint clearly states the reasons for the action taken against Defendants "this action seeks to prevent the collection of an improper debt" and "to prevent double paying this bank on the debt and/or pay the wrong party and/or prevent the possible wrongful taking of the family home by a bank no longer having a right to foreclose or collect on it." Numerous attempts were made to determine the owner and holder in due course of the Mortgage in question. Defendants have not proven their claim and continue to ignore and remain silent on this paramount fundamental issue.

### Defendants Securitization Argument is Meritless

In response to Defendants continued argument about securitization of the loan, Plaintiffs can prove beyond any doubt that the securitization process is one of the reasons that Defendants cannot prove their claim. In fact the Defendants cannot prove they are Holders in Due Course, or prove they are entitled to Plaintiffs' payments. Defendants are not in standing with this Court. This material fact supports the legal argument for Plaintiffs'' Motion for Summary Judgment.

### Fraud

Although Defense claims there is no fraud because of conduct when in fact *fraud in the factum* is evident when the paramount issue of this case is Holder in Due Course.

/

4

<u>Defendants Need Not Produce the Original Note</u>

To show standing with the Court Defendants must have access to the original Deed of Trust, the Mortgage Note and supporting original documents to prove their claim.   Very recent Supreme Court decisions from Massachusetts on January 7, 2011 Wells Fargo NA vs Mark LaRace, et al  and US Bank National Association vs. Antonio Ibanez as well as the Supreme Court of Kansas Landmark National Bank v. Kesler, 2009 Kan. LEXIS 834, has substantiated the fact that Lenders must have the original documents to show ownership of the Mortgage Loan. These Landmark cases have proven that mortgage banks must prove ownership with original documents instead of mere copies.  In the case of Mortgage Electronic Registration Systems, Inc. v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of Nevada stated that "MERS did not establish it was a real party in interest.  MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do."  Additionally, in a Landmark decision in the Kansas Supreme Court,  National Bank v. Kesler, 289 Kan. 528,216 P.3d 158(2009). "Kan. Stat. Ann. § 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer."  Also in September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21 (2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage.  In LaSalle Bank v. Ahearn, 875 N.Y.S. 2d 595 (2009), the case was dismissed with prejudice - lack of standing.  In another case, Novastar Mortgage, Inc. v. Snyder 3:07CV480 (2008), it was ruled that "Novastar has the burden of establishing its standing.  It has failed to do so."  In a current case in the Eighth Judicial Court, State of Nevada, Ostorga vs. JP Morgan Chase Bank, Case No. A-10-628624-C,

it is Plaintiffs contention that the Defendant in this case without the ability to show standing with the Court has chosen not to answer the Summons and loose this case by Default therefore showing that without standing the bank in these types of cases have no defense when Holder in Due Course is the paramount issue. This same issue is being heard in numerous cases throughout the United States and is evolving daily. Defendants continue to site case law in their Pleadings and Motions that are outdated and if appealed would be overturned in light of current day law being established.

CONCLUSION

Defendants in this case cannot show and have not shown that they have standing and therefore have no legal right to continue in Court as a point of law. Defendants futile attempts in Opposing this suit is a waste of Defendants sustenance that we the tax payers of America have provided to Bank of America. Defendants do not have standing and therefore this case should be judged for Plaintiffs.

Plaintiffs' would also like to note that in the Defendants Opposition to Motion for Summary Judgment the Defendants are not clear and consistent on whom they are representing and who is included in their legal representation. The Defendants note only BAC Home Loans Servicing on Pg 1 Line 7 on their Opposition to Motion for Summary Judgment and on Pg 1 Line 20 and 21 the Defendants add Bank of America N.A. and MERS. Defendant also failed to list Jacob D. Bundick as one of their legal representatives as recorded on the Civil Docket for Case #2:10-cv-02095-MGN-LRL in the United State District Court. This leads the Plaintiffs' to believe the Legal Counsel may be trying to scrutinize the court process to avoid bringing judgment against the correct party (lender).

/
/
/
/
/
/

**WHEREFORE**, Plaintiffs move that the Court grant this Order herein and all relief as outlined in the Amended Complaint and with these undeniable facts the Court grant the Summary Judgment for the Plaintiffs'.


Dated this _6_ day of March, 2011.

James L. Potter
Plaintiff
In Proper Person

Charlene E. Potter
Plaintiff
In Proper Person

## CERTIFICATE OF MAILING

I, James L. Potter, hereby certifies that a copy of the Reply to Defendant's Opposition To Motion for Summary Judgment filed on the ⟨9th⟩ day of March, 2011, in the above-entitled case was mailed by me on March ⟨9⟩ , 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

Ariel E. Stern, Esq.
Akerman Senterfitt LLP
400 South Fourth Street, Suite 450
Las Vegas, NV  89101

Christine M. Parvan, Esq.
Akerman Senterfitt LLP
400 South Fourth Street, Suite 450
Las Vegas, NV 89101

Jacob D. Bundick
Akerman Senterfitt LLP
400 South Fourth Street, Suite 450
Las Vegas, NV 89101

Bank of America, N.A.
Brian Maynihan, President, CEO
100 N. Tyron St.
Charlotte, NC  28263

Bank of America Home Loans
Barbara J. Desoer, President
1757 Tapo Canyon Road
Simi Valley, CA  93063

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA  93065-6285

MERS - Mortgage Electronic Registration Systems
RK Arnold, President CEO
1818 Library Street, Suite 300
Reston, VA  20190

Dated: March ⟨9⟩ , 2011

_____
James L. Potter
Plaintiff
In Proper Person

8