# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES L. POTTER and CHARLENE E.
POTTER,

    Plaintiffs,

  vs.

BAC HOME LOANS SERVICING, LP.,
et al.,

    Defendants.

Case No.: 2:10-cv-02095-GMN-LRL

**ORDER**

   This is a civil action brought by self-represented Plaintiffs James and Charlene Potter against Defendants Bank of America Home Loans, Bank of America N.A., BAC Home Loans Servicing, LP ("BOA Defendants") and Mortgage Electronic Registration Systems ("MERS"). Plaintiffs make the following claims against Defendants: (1) securitization; (2) TILA violations; (3) fraud; (4) failure to accept tender of payment; (5) breach of fiduciary duty; (6) failure to produce original note; (7) counterfeit securities; (8) declaratory judgment; (9) quiet title; (10) accounting; and (11) refund of fees and costs.

   Defendants have brought a motion to dismiss Plaintiffs' claims (*see* ECF No. 13), and Plaintiffs have moved for summary judgment against Defendants (*see* ECF No.17). The Court will grant Defendants' motion to dismiss due to Plaintiffs' failure to plead their claims in accordance with Fed. R. Civ. P. 12(b)(6), though Plaintiffs will be given leave to amend its TILA damages, fraud, failure to accept tender of payment, breach of fiduciary duty, and quiet title causes of action. Additionally, because Plaintiffs have failed to state any claim upon which relief can be granted, their motion for summary judgment is denied, without prejudice, as moot.

## I.   <u>STATEMENT OF FACTS</u>

Self-represented Plaintiffs James and Charlene Potter took out a $424,000 loan from Prado Mortgage on July 25, 2005 to purchase their residence at 5721 Tropic Mist Street, Las Vegas, NV 89130.  (Defs.' Mot. Dismiss 2:21-23, ECF No. 13.)  Plaintiffs secured a deed of trust for the property on August 1, 2005.  (Defs.' Mot. Dismiss 2:23-3:1-2, ECF No. 13.)  BAC Home Loans Servicing, LP ("BAC") serviced the home loan, and Mortgage Electronic Registry Systems ("MERS") is the nominee of the lender, Prado Mortgage.  (Ex. B, Defs.' Mot. Dismiss 30, ECF No. 13.)  Although Plaintiffs list four Defendants in this case, the majority of the allegations in their Amended Complaint are directed at BAC and MERS.

In July 2010, Plaintiffs submitted an "acceptance of offer/claim upon presentment of original note" to BAC that offered $433,471.04 "held in escrow" in exchange for the original promissory note from BAC.  (Pls.' Am. Compl. 7:27-28, 8:1-4, ECF No. 8.)  Plaintiffs also served various other documents upon BAC and MERS in August 2010, including a Commercial Oath and Verification and a TILA Notice of Right to Cancel and Final Notice of Default.  (Pls.' Am. Compl. 8:10-18, ECF No. 8.)  Defendants did not respond to these communications or settle Plaintiffs' account.  (Pls.' Am. Compl. 8:18-26, ECF No. 8.)

Plaintiffs request that the Court enjoin BAC from collecting further payments because they believe BAC is collecting on a debt it no longer owns.  (Pls.' Am. Compl. 7:5-7, 11:24-26, ECF No. 8.)   Plaintiffs allege that because BOA Defendants sold the loan to unknown investment entities, it no longer owns the debt and cannot continue to rightfully collect payments.  (Pls.' Am. Compl. 7:5-11, ECF No. 8.)  Additionally, Plaintiffs request that the Court declare that Defendants no longer own any interest or hold any title in the property. (Pls.' Am. Compl. 11:23-25, ECF No. 8.)  Finally, Plaintiffs request a refund of all fees, charges, principal, and interest paid on the deed.  (Pls.' Am. Compl. 12:3-5, ECF No. 8.)

Defendants request that the Court dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6)

as meritless, conclusory, or barred by the statute of limitations.  (Defs.' Mot. Dismiss 15:3-6, ECF No. 13.)  Plaintiffs move for summary judgment against Defendants on all claims.  (Pls.' Mot. Summ. J., ECF No. 17.)

As of February 2011, Plaintiffs were current in their payments on the mortgage and were not in default.  (Defs.' Resp. Mot. Summ. J. 2:25-26, ECF No. 19.)  Additionally, as of February 2011, no foreclosure proceedings had been scheduled by Defendants.  (Defs.' Resp. Mot. Summ. J. 2:25-26, ECF No. 19.)

## II.   MOTION TO DISMISS

### A.   LEGAL STANDARD

#### 1.   Federal Rule of Civil Procedure 12(b)(6)

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Additionally, under Fed. R. Civ. P. 8(e), the complaint must be "simple, concise, and clear" in order to "provide defendants with a fair opportunity to frame a responsive pleading."  Fed. R. Civ. P. 8(e).  If the complaint does not meet these standards, the complaint is vulnerable to attack under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The Supreme Court of the United States recently developed a two-step approach for district courts considering motions to dismiss.  Iqbal, 129 S.Ct. at 1950.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  Id. at 1950.  Second, the court must

consider whether the factual allegations in the complaint allege a plausible claim for relief.  <u>Id.</u>

Where the complaint does not permit the court to infer more than the mere possibility of

misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

<u>Id.</u>  When the claims in a complaint have not crossed the line from conceivable to plausible, the

plaintiff's claim must be dismissed.  <u>Twombly</u>, 550 U.S. at 570.

When a plaintiff is self-represented, the court must construe the pleadings

liberally and "must afford plaintiff the benefit of any doubt."  <u>Karim-Panahi v. Los Angeles</u>

<u>Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988) (quoting <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027

(9th Cir. 1985)).  "A pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Pardus</u>, 551 U.S.

89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

## B.   PLAINTIFFS' CLAIMS ADDRESSED IN DEFENDANTS' MOTION TO DISMISS

### 1.   Securitization

Plaintiffs first allege that Defendants "illegally converted" the promissory note

for the mortgage "from a draft to a security" and sold the loan several times to unknown

investors.  (Pls.' Am. Compl. 9:5-8, ECF No. 8.)  Defendants respond to this allegation by

arguing that "securitization of a loan does not diminish the underlying power of sale that can be

exercised upon the trustor's breach."  (Defs.' Mot. Dismiss 5:15-16, ECF No. 13.)

Additionally, Plaintiffs allege that Defendants "lack standing" to collect payments

on the mortgage because of the alleged securitization of the loan.   "Defendants are currently

being sued by the State of Nevada, Arizona, as well as countless suits being filed in almost

every state in the nation for their lack of standing."  (Pls.' Resp. Mot. Dismiss 3:2-5, ECF No.

15.)  Plaintiffs argue that because Defendants no longer own the mortgage debt, they may not

"go to court and try to enforce any rights that do not belong to" Defendants.  (Pls.' Resp. Mot.

Dismiss 2:4-6, ECF No. 15.)

Plaintiffs utilize the term "standing" not in the constitutional sense, but rather to assert that Defendants do not have legal authority to collect payments on a debt they allegedly no longer own.  However, Plaintiffs' arguments regarding standing lack merit because securitization of a home loan is not illegal in the state of Nevada.  Chavez v. Cal. Reconveyance, No. 2:10–cv–00325–RLH–LRL, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010).  Indeed, courts in the District of Nevada have held that the act of securitizing, or selling, a home loan to investors or third parties does not constitute an illegal act under Nevada law.  See Chavez, 2010 WL 2545006, at *2 (holding Nev. Rev. Stat. § 107.080, the state statute which outlines a loan trustee's power of sale, does not forbid the securitization of a loan); Guerra v. Just Mortg., Inc., No. 2:10-cv-00029-KJD-RJJ, 2010 WL 4822948, at *4-*5 (D. Nev. Nov. 22, 2010) (holding that plaintiff's fraud claim fails because lender had no legal duty to inform plaintiff of potential securitization of mortgage note).  See also Byrd v. Meridian Foreclosure Serv., No. 2:11-cv-00096-KJD-PAL, 2011 WL 1362135 (D. Nev. Apr. 8, 2011) (court dismissed securitization claim because Nevada does not impose a legal duty on lender to inform the borrower of securitization).

Here, Plaintiffs do not have a cause of action for Defendants' alleged securitization of the home loan.  First, Plaintiffs base their claim on the belief that Defendants' alleged sale of the loan to unknown investors was illegal.  (Pls.' Am. Compl. 9:5-8, ECF No. 8.)  Additionally, to the extent that Plaintiffs' argument can be liberally construed to say that they no longer have a duty to submit payments because Defendants sold their home loan to unknown investors, another court in this District has rejected this argument as invalid.  See Birkland v. Silver State Fin. Servs., Inc., No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372, at *3 (D. Nev. 2010) ("…while Plaintiff avers that interest in the note is essentially undeterminable, as it was split, sold, and traded upon securitization, there is no claim or

indication in the present case that any 'other' alleged current holder of the note challenges Defendants' initiation of foreclosure

proceedings.").

Accordingly, under Fed. R. Civ. P. 12(b)(6), Plaintiffs do not state a claim upon which relief can be granted, and Plaintiffs' first claim is dismissed.

### 2.    TILA violations

Plaintiffs next allege that Defendants violated the Truth in Lending Act ("TILA") and set forth a TILA damages and rescission claim.  (Pls.' Am. Compl. 8:10-18, ECF No. 8, Defs.' Mot. Dismiss 8:16-19, ECF No. 13.)  Defendants argue that Plaintiffs' TILA claims are barred by the statute of limitations and are not appropriate because neither Defendant is the originating lender.  (Defs.' Mot. Dismiss 8:20-23, ECF No. 13.)

TILA was enacted in 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a).  TILA provides a one-year statute of limitations period for claims of civil damages beginning "from the date on which the first regular payment of principal is due under the loan."  15 U.S.C. § 1640(e).  However, equitable tolling is available to stay the statute of limitations if the plaintiff has been prevented from discovering any potential TILA claims against defendants.  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

A rescission remedy under TILA is only available for three years, and the statute of limitations period begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).  This statute of limitations period, unlike the statute of limitations applicable to a TILA damages claim, is an absolute limitation not subject to equitable tolling.  Martinez v. Bank of America, No. 2:10-cv-01387-GMN-LRL, 2011 WL 1740146, at *2 (D. Nev. May 5, 2011).  The statute of limitations for rescission

started running in 2005, when Plaintiffs consummated the transaction of purchasing their home. (Defs.' Mot. Dismiss 2:21-23, ECF No. 13.)  Accordingly, the Court finds that their last opportunity to bring a TILA rescission claim would have been in 2008.  Thus, the Court dismisses Plaintiffs' TILA claim for rescission without leave to amend.

However, Plaintiffs may have a TILA claim for damages.  A TILA damages claim must plead specific facts regarding Defendants' violations of the disclosure requirements set forth in TILA.  Kimura v. Decision One Mortg. Co., No. 2:09-cv-01970-GMN-PAL, 2011 WL 915086, at *2 (D. Nev. 2011).  Although the one-year statute of limitations for a TILA damages claim has already run for Plaintiffs, they may still be able to apply equitable tolling to their TILA damages claim if they can appropriately plead that Defendants prevented them from discovering TILA violations.  Woodson v. Bank of America, No. 2:10-cv-01359-KJD-GWF, 2011 WL 2135404, at *1 (D. Nev. 2011).  However, Plaintiffs have not provided specific facts or alleged a basis for equitable tolling.  Accordingly, their TILA claim for damages is dismissed with leave to amend.

### 3.    Fraud

Plaintiffs' third cause of action alleges fraud and fraud in the inducement against Defendants.  (Pls.' Am. Compl. 8-9, ECF No. 8.)  Defendants move to dismiss these claims due to Plaintiffs' failure to plead fraud with the specificity required by Fed. R. Civ. P. 9(b).  (Defs.' Mot. Dismiss 6:20-21, ECF No. 13.)

In Nevada, a plaintiff must prove five elements to establish a claim of common law fraud: (1) A false representation made by the defendant; (2) Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) Plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance.  Bulbman, Inc. v. Nev. Bell, 825 P.2d

588, 592 (Nev. 1992).  The plaintiff must prove each of these elements with clear and convincing evidence.  Lubbe v. Barba, 540 P.2d 115, 117 (Nev. 1975).  Additionally, Fed. R. Civ. P. 9(b) requires that allegations of fraud or mistake be stated by the party "with particularity as to the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b). Particularity requires an account of "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Several courts in the District of Nevada have dismissed fraud claims against mortgage lenders for failing to plead with particularity.  See Shields v. First Magnus Fin. Corp., No. 3:10-cv-00641-RCJ-RAM, 2011 WL 1304734, at *2 (D. Nev. Apr. 1, 2011) (fraud claims directed towards lender and mortgage industry in general dismissed as vague); see also Weingartner v. Chase Home Finance, 702 F.Supp.2d 1276, 1289 (D. Nev. 2010) (holding that the plaintiff did not sufficiently plead fraud because there was no evidence defendant lender knowingly made false representations to induce reliance); Chavez,  2010 WL 2545006, at *3 (court dismissed the plaintiffs' fraud claim because "nowhere in the complaint do the Plaintiffs allege who made the fraudulent statements, when the statements were made, or where they were made.").

Plaintiffs first allege that Defendants fraudulently induced them to enter into the loan agreement.  (Pls.' Am. Compl. 8:18, ECF No. 8.)  However, Plaintiffs' loan originated with Prado Mortgage in 2005, not the Defendants here, as shown in Defendants' attached exhibits, which are matters of public record and judicially noticed (See Ex. A, Defs.' Mot. Dismiss 18:3-8, ECF No. 13.)   Additionally, Plaintiffs do not plead the fraud in the inducement claim with sufficient particularity.  Although fraud in the inducement is mentioned in the Amended Complaint, the complaint contains no specific examples of fraudulent representations

made by any Defendants to Plaintiffs.  (Pls.' Am. Compl. 8:18, ECF No. 8.)  Because this fraud claim is pleaded by Plaintiffs with insufficient specificity under Nevada law and under Fed. R. Civ. P. 9(b), it is dismissed with leave to amend.

### 4.    Failure to accept tender of payment

Next, Plaintiffs allege that Defendants violated U.C.C. § 3-603 by failing to settle their account after they submitted an "acceptance of offer/claim upon the presentment of original note" offering "full legal tender" of $433,471.04 in exchange for the original, "wet ink" promissory note.  (Pls.' Am. Compl. 7:28, 8:1-9, ECF No. 8.)   U.C.C. § 3-603 outlines when tender of a payment discharges a debt owed.  Plaintiffs' argument is known as the "bill of exchange" theory and has not yet been presented in foreclosure cases in the District of Nevada. However, it has been rejected across the country by district courts in other circuits.  <u>Hennis v. Trustmark Bank</u>, No. 2:10CV20-KS-MTP, 2010 WL 1904860, *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous."); <u>Santarose v. Aurora Bank</u>, No. H-10-0720, 2010 WL 3064047, at *4 (S.D. Tex. Aug. 3, 2010) (court rejected plaintiff's "bill of exchange" theory in settling a mortgage debt because plaintiffs failed to provide any legal authority to support the claim); <u>Tesi v. Chase Home Finance</u>, No. 4:10-cv-272-Y, 2010 WL 2293177, at *6 (N.D. Tex. June 7, 2010) (plaintiff's "bonds" rejected as full payment of amount due on mortgage).

In <u>Hennis</u>, two self-represented plaintiffs alleged that the debt due on their mortgage was discharged under U.C.C. § 3-603 by documents "tendered by them for the discharge and closure of the alleged accounts and release of liens."  <u>Id.</u> at *5.  Because the defendants rejected this exchange and "ignored the plaintiffs' Notice and Demand letters," the plaintiffs claimed their debt was discharged as a result of the defendants' failure to settle their account.  <u>Id.</u> at *2.  The court rejected their argument and granted the defendant's motion to dismiss.  <u>Id.</u> at *6.  "Plaintiffs have not provided copies of the alleged bills of exchange or a

meaningful description of the documents …"  Id. at *5.  Additionally, the court found the plaintiffs' U.C.C. claim invalid as a matter of law because the plaintiffs could not produce the documents central to that claim.  Id.  Accordingly, the court dismissed the plaintiffs' claim.

Plaintiffs allege a U.C.C. § 3-603 violation in a conclusory manner with only one statement: "Under UCC 3-603 refusal of tender of payment is full settlement."  (Pls.' Am. Compl. 8:8-9, ECF No. 8.)  Additionally, Plaintiffs do not provide a meaningful description of the documents that were supposed to settle their account in full, and do not provide an explanation as to how the Defendants' refusal of these documents constitutes a violation of U.C.C. § 3-603.  (Pls.' Am. Compl. 7:27-28, 8:1-9, ECF No. 8.)  Accordingly, Plaintiffs' current pleadings on this claim are insufficient under Fed. R. Civ. P. 12(b)(6) and their fourth cause of action is dismissed with leave to amend.

### 5.    Breach of fiduciary duty

Plaintiffs claim Defendants had a duty as "appointed fiduciaries" to acknowledge receipt of their payment and to settle their loan account.  (Pls.' Am. Compl. 9:1-4, ECF No. 8.)  In a letter to Defendants on July 14, 2010, Plaintiffs "appointed" Defendants as "fiduciaries with the mandatory duty to settle the claim upon my tender of payment to the escrow agent."  (Defs.' Mot. Dismiss 13:5-6, ECF No. 13.)  Defendants did not respond to or accept this appointment.  (Defs.' Mot. Dismiss 13:8-9, ECF No. 13.)  However, it is established under Nevada law that lenders do not have a fiduciary duty to borrowers, unless the borrowers can plead facts in which a special relationship arose.  Weingartner, 702 F. Supp. 2d at 1288.  See also Chavez, 2010 WL 2545006, at *4 (court dismissed breach of fiduciary duty claim because plaintiffs have not alleged facts that could give rise to a special relationship or exceptional circumstances).  Specifically, one court in this District made clear that loan servicers generally do not have a fiduciary duty towards borrowers, absent special circumstances.  See Erickson 2011 WL 1743875, at *2 ("loan servicers generally do not owe borrowers a fiduciary duty.").

Additionally, Plaintiffs bring their breach of fiduciary duty claim with no support other than the fact that they "appointed" Defendants BAC and MERS to be fiduciaries in a letter. (Defs.' Mot. Dismiss 13:5-7, ECF No. 13.) However, Plaintiffs fail to allege that Defendants accepted this appointment or plead any other exceptional circumstance that would give rise to a fiduciary duty between the parties. Additionally, like in <u>Erickson</u>, this case involves plaintiffs alleging a fiduciary duty against its loan servicers, which generally do not owe a fiduciary duty to borrowers under Nevada law. <u>Erickson</u>, 2011 WL 1743875, at *2. Accordingly, Plaintiffs' breach of fiduciary duty claim is dismissed with leave to amend.

### 6.   Failure to produce original note

Plaintiffs next assert that they have no duty to continue making payments on their mortgage because Defendants failed to produce the original promissory note when Plaintiffs requested it. (Pls.' Am. Compl. 8:7-9, ECF No. 8.) In Nevada, a lender does not have an affirmative duty to provide the borrower with the original note prior to foreclosure proceedings. <u>See</u> <u>Roberts v. McCarthy</u>, No. 2:11-cv-00080-KJD-LRL, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011) ("Courts in this district have repeatedly rejected claims by plaintiffs asserting a duty by the lender [prior to foreclosure] to provide the original note under the U.C.C. to prove its holder in due course status."); <u>Byrd</u>, 2011 WL 1362135, at *2 ("The ever-expanding body of case law within this district holds that Nevada law governing non-judicial foreclosure … does not require a lender to produce the original note as a prerequisite to non-judicial foreclosure proceedings."); <u>Villa v. Silver State Fin. Serv.</u>, No. 2:10-cv-02024-LDG-LRL, 2011 WL 1979868, at *6 ("[T]he court has consistently held that NRS § 107.080 does not require MERS or any other similar entity to show it is the real party in interest to pursue non-judicial foreclosure actions.").

Here, the court dismisses Plaintiffs' argument without leave to amend. Plaintiffs provide no legal authority indicating that they have no duty to make payments to Defendants

because the latter have not produced the original note.  Like the facts in <u>Roberts</u>, in which the plaintiffs alleged the lenders had a duty to produce the original note prior to foreclosure proceedings, here Plaintiffs attempt to argue that they can stop making payments because Defendants have not produced the original note.  However, it is clear under <u>Roberts</u> and related Nevada case law that lenders, or other entities such as MERS that are involved in transacting a mortgage, do not have an affirmative duty to produce the original mortgage note.  <u>Roberts</u>, 2011 WL 1363811, at *4.  Accordingly, this claim is dismissed without leave to amend.

### 7.    Counterfeit securities

Plaintiffs' final cause of action asserts that Defendants' loan was a "counterfeit security in that the Defendants deceived and defrauded the Plaintiffs."  (Pls.' Am. Compl. 8:27-28, ECF No. 8.)  Although the District of Nevada has not yet seen this argument presented in foreclosure cases, counterfeit security allegations have been brought by similarly-situated plaintiffs in districts courts across the country.  <u>See, e.g.</u> <u>Sandoval v. Morrison Fin. Serv.</u>, No. 1:11-cv-00043 OWW SKO, 2011 WL 98810 (E.D. Cal. Jan. 12, 2011); <u>Smith v. Nat'l City Mortg.</u>, No. A-09-cv-881 LY, 2010 WL 3338537 (W.D. Tex. Aug. 23, 2010).  Courts have consistently rejected such claims, which usually allege violations of 18 U.S.C. § 513, a federal criminal statute which punishes any individual who "makes, utters or possesses a counterfeited security of a State."  <u>Sandoval</u>, 2011 WL 98810, at *1; <u>Smith</u>, 2010 WL 3338537, at *5, 18 U.S.C. § 513.  Such claims are meritless because private parties do not have standing to prosecute violations of criminal statutes.  <u>See</u> <u>Sandoval</u>, 2011 WL 98810, at *1 (court dismissed civil litigant's attempt to enforce Title 18 against mortgage lender because of lack of standing); <u>Smith</u>, 2010 WL 3338537, at *5 (court held plaintiffs asserting counterfeit securities claim against mortgage lender "have no standing to institute a federal criminal prosecution and no power to enforce a criminal statute.").

Plaintiffs likewise do not have standing to pursue this claim.  Plaintiffs allege in a

conclusory fashion that the loan managed by BAC and MERS was a "counterfeit security." (Pls.' Am. Compl. 8-9, ECF No. 8.)  Though Plaintiffs do not specifically invoke 18 U.S.C. § 513 in their claim, it is clear they are making the same argument as the plaintiffs in <u>Sandoval</u> and <u>Smith</u>.  Because a counterfeit securities claim invokes a criminal statute and cannot be brought by a private party in a civil action, this claim is dismissed without leave to amend.

### C.   ADDITIONAL REQUESTS BY PLAINTIFFS

Because Plaintiffs have failed to plead any cognizable legal claims, their additional requests for declaratory judgment, quiet title, accounting, and refund of fees and costs will not be addressed here.  Should Plaintiffs' new complaint state claims upon which these remedies can be granted, their requests will be properly considered by the court at that time.

## II.   <u>MOTION FOR SUMMARY JUDGMENT</u>

Because Plaintiffs have failed to state any claim upon which relief can be granted, their motion for summary judgment is DENIED without prejudice.

### <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**.  Plaintiffs' claims regarding TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty are **DISMISSED with leave to amend**.  Plaintiffs' claims regarding securitization, TILA rescission, failure to produce original note, and counterfeit securities are **DISMISSED with prejudice**.  Finally, Plaintiffs' requests for the remedies of declaratory judgment, quiet title, accounting, and refund of fees and costs are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 17) is **DENIED without prejudice**.

DATED this 19th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge