ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email: ariel.stern@akerman.com
Email: christine.parvan@akerman.com

*Attorneys for Defendants,
Bank of America, N.A., BAC Home Loans
Servicing, LP, and MERS*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES L. POTTER and CHARLENE E. POTTER (Husband and Wife as joint tenants),<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, TREASURY BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>Defendant. | Case No.: 2:10-cv-02095-GMN-GWF<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs James and Charlene Potter do not dispute that they signed the note and deed of trust secured by the subject property. Their second amended complaint seeks to prevent Defendants from enforcing their rights to collect on the Note, but contains no ultimate facts on which to support the Potters' requested relief.

{25871976;1}                                                  1

## II.

## LEGAL ARGUMENT

**A.   The Complaint Violates Rule 8(a)**

The Motion to Dismiss pointed out that the Complaint improperly lumps the Defendants together in its allegations, thereby requiring dismissal.  Motion, 3:14-24 (citing *Gen-Probe, Inc., v. Amoco Corp.*, 926 F.Supp. 948, 960 (S.D.Cal. 1996); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D.Cal. 1988) (lumping defendants together fails to satisfy Rule 8 notice provision).  Plaintiffs allege that "[i]t is proper in cases where more than one defendant is adjoined by claim on the mortgage in question that each or all related parties be brought forth in the suit." Opp'n., 4:25-27). Rule 8(a) does not prohibit bringing suit against multiple defendants; it does, however, require that the complaint distinguish between named defendants or specify which defendant is targeted by which allegation.  In their Opposition, the Potters continue to lump together all defendants.  Because there are no direct allegations against moving defendants individually, all of the Potters' claims against Defendants should be dismissed.

**B.   The Potters' Claim for Declaratory Relief Fails Even If They Are Current On Their Mortgage Payments**

Notwithstanding the Potters' failure to plead ultimate facts required to support their sole "claim," which is actually an improper remedy request, the Potters have also failed to plead the requisite elements for declaratory relief.  The Potters allege there is a "genuine issue of material fact" because defendants, in their motion to dismiss, mistakenly noted the Potters were in default.[1]  *See* SAC at "Summary."  However, whether the Potters are in default does not create any issue of material fact with respect to their sole claim for declaratory relief.

The threshold question before determining if a declaratory judgment is proper is whether there is an actual controversy between parties who have adverse legal interests. *See Biodiversity Legal*

---

[1] The undersigned reached out to the Potters via email and certified mail on two separate occasions to indicate defendants intended to file the instant reply in support of their Motion wherein they would also clarify that the Potters were, in fact, current on their mortgage payments.  Notwithstanding theses communications, the Potters also filed a separate Motion for Sanctions [Dkt. 45] based on defendants' statement.

{25871976;1}                                                2

*Found. v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002) (a district court may entertain a request for declaratory relief "if there was a 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (citing *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996)); *Gov. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998); *Am. States*, 15 F.3d at l43.  Here, the Potters seek, through their SAC, a declaration from this Court regarding "who are and are not the real parties in interest to the Note and Deed of Trust…" *See* SAC, ¶2(D).  Whether the Potters are in default is not material to their improper request.

### III.
### CONCLUSION

Because the Potters' second amended complaint is only for declaratory relief and they have failed to properly plead such a claim, defendants respectfully request the court grant this motion and dismiss the second amended complaint with prejudice.

Dated this 25th day of February, 2013.

**AKERMAN SENTERFITT LLP**

 /s/ Christine M. Parvan
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
1160 Town Center Drive, Suite 330
Las Vegas, Nevada  89144

*Attorneys for Defendants,
Bank of America, N.A., BAC Home Loans Servicing, LP, and MERS*

{25871976;1}                                                              3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February, 2013 and pursuant to FRCP 5, I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**, postage prepaid and addressed to:

James L. Potter
Charlene E. Potter
5721 Tropic Mist Street
Las Vegas, Nevada 89130

*Plaintiffs in Proper Person*

/s/ Debbie Julien
An employee of AKERMAN SENTERFITT LLP

{25871976;1}

4