**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES L. POTTER and CHARLENE E. POTTER, | ) |
| Plaintiffs, | ) Case No.: 2:10-cv-02095-GMN-GWF |
| vs. | ) |
| | ) **ORDER** |
| BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; TREASURY BANK, N.A.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 38) filed by Defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC Home Loans"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Also before the Court is the Motion for Sanctions (ECF No. 45) filed by *pro se* Plaintiffs James L. Potter and Charlene E. Potter, husband and wife. Both motions have been fully briefed.

**I.   BACKGROUND**

In 2010 Plaintiffs initiated this action in state court, alleging claims related to the mortgage on their property, located at 5721 Tropic Mist Street, Las Vegas, Nevada, 89130, APN #: 125-25-414-004 ("the property"), and styling their pleading as a "Complaint Pursuant to 42 U.S.C. § 1983" (Compl., ECF No. 1-2.) Defendant BAC Home Loans removed the action to this Court (Notice of Removal, ECF No. 1), and two weeks later Plaintiffs filed an Amended Complaint (ECF No. 8), alleging four causes of action: (1) Declaratory Judgment; (2) Quiet Title; (3) Accounting; and (4) Refund, Fees and Costs.

In July 2011, the Court dismissed Plaintiffs' Amended Complaint (ECF No. 8), denying

Plaintiffs' causes of action without prejudice and explaining that "[b]ecause Plaintiffs have failed to plead any cognizable legal claims, their additional requests for declaratory judgment, quiet title, accounting, and refund of fees and costs will not be addressed here." (Order, July 19, 2011, 13:7-9, 15-21, ECF No. 25.)  The Court gave Plaintiffs leave to amend "claims regarding TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty." (*Id*. at 13:16-17.)

Over a year later, in August 2012, Plaintiffs filed a Second Amended Complaint (ECF No. 32), styled as a "Second Amended Complaint for Declaratory Judgment – 28 U.S.C.A. Chapter 151," stating a single cause of action for declaratory judgment pursuant to 28 U.S.C. § 2201.  Plaintiffs do not allege any "claims regarding TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty," and instead state that they "expressly reserve our right to add these elements to be invoked as we choose in accordance with 28 U.S.C.A. § 2202's provision for 'Further necessary or proper relief.'" (Second Am. Compl., 2-3:¶3, ECF No. 32.)

## II. <u>DISCUSSION</u>

### A. <u>Motion to Dismiss</u>

#### 1. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

*Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

    The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

    A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

    "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### 2. Analysis

Plaintiffs request a declaration of rights pursuant to 28 U.S.C. § 2201, relating to the mortgage loan Note and Deed of Trust on the property, as well as "any and all other instruments, agreements or contracts upon which any Defendant or Defendants may base any claim to, or enforce anything against, our property" under Nevada law, including a declaration of "who are and are not the real parties in interest to the Note and Deed of Trust." (Second Am. Compl., 2:¶2, ECF No. 32.)

Plaintiffs allege that "[a]ll defendants are parties to the instruments before this court," and the existence of "an actual controversy within the meaning of the federal Declaratory Judgment Act and the Federal Constitution," relating to "Defendants' claims against our property." (*Id.* at 1-2:¶1.) Plaintiffs also request reinstatement of their lis pendens, and "all other relief as this court finds lawful, just and equitable." (*Id.* at 3:¶6.)

The copies of the Deed of Trust and mortgage loan Note attached to Plaintiffs' Second Amended Complaint show that Plaintiffs borrowed $424,000.00 from Lender Prado Mortgage on July 25, 2005, secured by a Deed of Trust for which Nevada Title Company was the named Trustee and Defendant MERS was named as beneficiary "solely as nominee for Lender and Lender's successors and assigns." (ECF No. 32.)

The Federal Declaratory Judgment Act, as codified by 28 U.S.C. § 2201, provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The procedure for obtaining a declaratory judgment under this statute is governed by Rule 57 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 57. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In the Response, Plaintiffs point to Defendants' erroneous statement in the Motion to Dismiss (ECF No. 38) that Plaintiffs were in default in their mortgage payments as evidence of an actual controversy. (ECF No. 44.) However, in the Reply (ECF No. 46), Defendants formally retract that statement, and argue that no other facts exist to support Plaintiffs' allegation of the existence of an actual controversy. The Court agrees.

Here, having reviewed Plaintiff's Second Amended Complaint and the briefs on the motion, the Court cannot find that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" as required for the Court to issue a declaratory judgment. Even if the Court were to find that Defendants' erroneous statement presented such a controversy, that

issue is now moot.

Therefore, because no other instance of an actual controversy is shown or even argued by Plaintiffs, the Court cannot issue a declaratory judgment.  Accordingly, Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted, and it will be dismissed.

Because it is clear that the deficiencies described above cannot be cured by amendment, and because Plaintiffs have now had the opportunity to amend their pleadings three times, and were given over a year to file their Second Amended Complaint, the Court finds that undue prejudice would result by virtue of allowance of any additional amendments.  Therefore, no leave to amend will be granted at this time.

### B. Motion for Sanctions

#### 1. Legal Standard

Plaintiffs' Motion for Sanctions (ECF No. 45) is brought pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Rule 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery

Fed. R. Civ. P. 11(b).

A motion for sanctions under this rule "must be made separately from any other motion . . . and must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed.

R. Civ. P. 11(c)(2).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

**2.    Analysis**

Here, the Court agrees that Defendants' repetition of the false assertion that Plaintiffs defaulted on their loan is irresponsible and an apparent violation of Rule 11(b)(3)'s requirement that "the factual contentions have evidentiary support."  As noted by Plaintiffs, Defendants previously made this false assertion in violation of Rule 11(b)(3) as early as January 2011, and apparently corrected themselves in February 2011.  Therefore, Defendants' repetition of this exact erroneous statement in their Motion to Dismiss (ECF No. 38) appears to be a more blatant failure to comply with Rule 11(b)(3).  Notwithstanding this, Plaintiffs' Motion for Sanctions (ECF No. 45) appears to be the first motion filed that complies with Rule 11(c)(2), and Defendants have again corrected this error in their Reply to the Motion to Dismiss (ECF No. 46).  Accordingly, the Court finds that Defendants have appropriately withdrawn and corrected their error within the required time, and the Motion for Sanctions (ECF No. 45) will be denied.

Nevertheless, in order to prevent any future harm to Plaintiffs as a result of the repetition of the false statement that Plaintiffs defaulted on their loan, the Court will order Defendants to file in the docket of this action a short statement of correction that clearly corrects the

erroneous statements that Plaintiffs defaulted on their loan.  This statement should be filed as a "Notice of Correction."

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 38) is **GRANTED**.  Plaintiffs' Second Amended Complaint is **DISMISSED with prejudice**.  The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion for Sanctions (ECF No. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file a "Notice of Correction" as described in this Order by **June 27, 2013.**

**DATED** this 8th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge