UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James L. Potter and Charlene E. Potter,<br><br>          Plaintiffs,<br>vs.<br><br>Bank of America, N.A.; BAC Home Loans Servicing, LP; Treasury Bank, N.A.; and Mortgage Electronic Registration Systems, Inc.,<br><br>          Defendants. | Case No.: 2:10-cv-02095-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion for Relief (ECF No. 54) and Motion to Amend (ECF No. 56) filed by *pro se* Plaintiffs James L. Potter and Charlene E. Potter, husband and wife. Defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC Home Loans"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed a Response (ECF Nos. 55, 59), and Plaintiffs filed a Reply (ECF No. 57).

**I. BACKGROUND**

In 2010 Plaintiffs initiated this action in state court, alleging claims related to the mortgage on their property, located at 5721 Tropic Mist Street, Las Vegas, Nevada, 89130, APN #: 125-25-414-004 ("the property"), and styling their pleading as a "Complaint Pursuant to 42 U.S.C. § 1983" (Compl., ECF No. 1-2.) Defendant BAC Home Loans removed the action to this Court (Notice of Removal, ECF No. 1), and two weeks later Plaintiffs filed an Amended Complaint (ECF No. 8), alleging four causes of action: (1) Declaratory Judgment; (2) Quiet Title; (3) Accounting; and (4) Refund, Fees and Costs.

In July 2011, the Court dismissed Plaintiffs' Amended Complaint (ECF No. 8), denying

Plaintiffs' causes of action without prejudice and explaining that "[b]ecause Plaintiffs have failed to plead any cognizable legal claims, their additional requests for declaratory judgment, quiet title, accounting, and refund of fees and costs will not be addressed here." (Order, July 19, 2011, 13:7-9, 15-21, ECF No. 25.)  The Court gave Plaintiffs leave to amend "claims regarding TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty." (*Id*. at 13:16-17.)

Over a year later, in August 2012, Plaintiffs filed a Second Amended Complaint (ECF No. 32), styled as a "Second Amended Complaint for Declaratory Judgment – 28 U.S.C.A. Chapter 151," stating a single cause of action for declaratory judgment pursuant to 28 U.S.C. § 2201.  Plaintiffs do not allege any "claims regarding TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty," and instead state that they "expressly reserve our right to add these elements to be invoked as we choose in accordance with 28 U.S.C.A. § 2202's provision for 'Further necessary or proper relief.'" (Second Am. Compl., 2-3:¶3, ECF No. 32.)

On June 8, 2013, the Court entered its Order (ECF No. 51), dismissing Plaintiffs' Second Amended Complaint with prejudice, and closing the case.  Plaintiffs filed the instant Motion for Relief (ECF No. 54) a month after the case was closed, and filed the instant Motion to Amend (ECF No. 56) a month after that.

## II. LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order.  This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have

>   been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### III. DISCUSSION

Here, Plaintiffs request relief from the Court's Order (ECF No. 51) and the Clerk's Judgment (ECF No. 52), and also request leave to file an amended opposition (ECF No. 56) to Defendant's Motion to Dismiss, to replace their filing at ECF No. 44.

As a basis for reconsideration, Plaintiffs argue that the language of the Clerk's Judgment (ECF No. 52) and the January 23, 2013, Minute Order (ECF No. 39) merits reconsideration on the basis of "mistake" pursuant to Rule 60. Plaintiffs argue that because there was never a trial or hearing, and because they were misled by the Court's Minute Order as to the applicable legal standard, they should be granted leave to re-file their opposition, and to have the merits of their claims reconsidered. Plaintiffs also revisit arguments already raised and considered by the Court in its prior Order.

Having considered all of Plaintiffs' arguments in the motions currently before the Court, the Court cannot find that any of the proposed grounds support granting the relief requested by Plaintiffs. Despite multiple opportunities over the course of years, Plaintiffs have failed to state any legally cognizable claim against Defendants and the grounds upon which it rests. Even now, with Plaintiffs' newly-filed motions, Plaintiffs provide no basis for the Court to determine

that amendment of the claims or any further briefing could cure the deficiencies repeatedly identified by the Court.

Moreover, the Court finds no grounds to amend its determination as to Plaintiffs' Motion for Sanctions (ECF No. 45), or to grant Plaintiffs' any other relief. Accordingly, the Court will deny the motions and the case shall remain closed.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Relief (ECF No. 54) and Motion to Amend (ECF No. 56) are **DENIED**.

**DATED** this 31st day of December, 2013.

_____
Gloria M. Navarro
United States District Judge